**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Respondent-Appellee, | No. 05-1200 |
| v. | District of Colorado |
| MANUEL GUILLERMO CARRILLO, | (D.C. No. 04-S-1796) |
| Petitioner-Appellant. | |

**ORDER**[*]

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Manuel G. Carrillo, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. Carrillo has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and we dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## I. Background

On March 26, 2001, a jury convicted Mr. Carrillo of seventeen drug trafficking offenses. The court sentenced Mr. Carrillo to 720 months' imprisonment. Both conviction and sentence were affirmed on direct appeal. *See United States v. Hinojosa Gonzalez*, Nos. 01-1425, 01-1439, 01-1453, 2003 WL 21465496 (10th Cir. June 25, 2003), *cert. denied sub nom.*, *Carrillo v. United States*, 540 U.S. 932 (2003).

On August 27, 2004, Mr. Carrillo filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court construed his pro se petition as raising four claims: (1) that the trial court erroneously denied Mr. Carrillo's request for a continuance; (2) that Mr. Carrillo did not knowingly, voluntarily, and intelligently waive his right to counsel when he decided to represent himself; (3) that the Bureau of Prisons and the courts denied Mr. Carrillo access to legal materials; and (4) that his sentence is invalid under *Blakely v. Washington*, 542 U.S. 296 (2004). The district court denied Mr. Carrillo's habeas corpus petition. The court found that Mr. Carrillo's claim that the trial court erred in denying his continuance was barred because this Court considered and rejected that argument on direct appeal. As to Mr. Carrillo's claim that he did not properly waive his right to counsel, the district court found that although Mr. Carrillo may have shown cause as to why the claim should not

-2-

be procedurally barred, the proceedings before the trial court indicated that the waiver was indeed knowing, voluntarily, and intelligent. Finally, the district court found that Mr. Carrillo's claim for denial of access to legal materials was procedurally barred for failure to show cause as to why it was not raised on direct appeal, and that his claim under *Blakely* failed because *Blakely* does not apply retroactively to cases on collateral review. After the district court denied his request for a COA, Mr. Carrillo filed an application for a COA in this Court.

## II. Claims on Appeal

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

In his request for a COA, Mr. Carrillo primarily contends that the district court erred in finding that he voluntarily, knowingly, and intelligently waived his right to trial counsel. He further argues that the district court should have

considered his claims regarding the trial court's failure to grant a continuance and the denial of access to legal materials as part of his claim that he did not knowingly waive his right to trial counsel, rather than as freestanding claims. Finally, he challenges the district court's finding that *Blakely* does not apply retroactively. We turn first to Mr. Carrillo's claim that he did not effectively waive his right to trial counsel.

## A. Effectiveness of Waiver of Right to Counsel

In his direct appeal, Mr. Carrillo did not claim that his waiver of the right to counsel was not knowing, voluntary, and intelligent. Failure to raise an issue on direct appeal precludes a defendant from later raising the issue in a § 2255 motion unless the defendant "can show cause excusing [the] procedural default and actual prejudice resulting from the errors of which [the defendant] complains, or can show that a fundamental miscarriage of justice will occur if [the] claim is not addressed." *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993). Cause for a procedural default ordinarily turns on whether the defendant "can show that some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Mr. Carrillo finds "cause" for his procedural default in the quality of representation he received from his appellate counsel. He claims that although

appellate counsel was "aware of the relevant facts surrounding the defendant's claim that he was tried without having any meaningful opportunity to prepare his defense," counsel failed to raise this issue on direct appeal "due directly to a 'conflict of interest.'" Aplt. Br. 14. "Attorney error amounting to constitutionally ineffective assistance of counsel constitutes 'cause' for a procedural default." *Hickman v. Spears*, 160 F.3d 1269, 1272 (10th Cir. 1998). Assuming, without deciding, that Mr. Carrillo has shown "cause" for his procedural default, we proceed to the merits of his claim.

The Sixth Amendment guarantees a criminal defendant the right to self-representation if he chooses to represent himself. *Faretta v. California*, 422 U.S. 806, 819 (1975). We apply a two-part test to determine whether a defendant effectively waived his right to counsel. We first examine whether the defendant voluntarily waived his right to counsel, and then consider whether the defendant's waiver was made knowingly and intelligently. *United States v. Taylor*, 113 F.3d 1136, 1140 (10th Cir. 1997). Our review of the trial court's hearing on Mr. Carrillo's motion to appear pro se leaves no doubt that Mr. Carrillo voluntarily, knowingly, and intelligently waived his right to counsel.

A waiver is voluntary if the defendant is "not forced to make a 'choice' between incompetent counsel or appearing pro se." *Id.* However, where a defendant refuses without good cause to proceed with able appointed counsel the

-5-

waiver is voluntary. *Id.* Thus, the question of voluntariness depends on whether the defendant's objections to present counsel are sufficient to entitle the defendant to new counsel. *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir. 1987). "'To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict.'" *Id.* (quoting *McKee v. Harris*, 649 F.2d 927, 931 (2d Cir. 1981).

Mr. Carrillo contends that his waiver was involuntary because appointed counsel was not prepared for trial. At the hearing on Mr. Carrillo's motion to appear pro se, the trial court engaged in the following exchange with Mr. Carrillo:

> THE COURT: . . . [Y]ou have indicated your intent or your request to represent yourself in this case. Is that a correct statement?
>
> MR. CARRILLO: Yes, sir.
>
> THE COURT: First tell me . . . does this request arise out of any feeling that your counsel is not properly representing you? It doesn't appear to.
>
> MR. CARRILLO: Well, he is doing a good job but he just barely came on board and stuff also. . . . I think it was in September when he first came on board and stuff like that. He is not ready. He doesn't know the whole case.
>
> THE COURT: Well, he has not indicated any problem. We have actually appointed a second attorney to represent you.

-6-

MR. CARRILLO: Yes, sir. He is doing good.

Rep.'s Tr., Hr'g on Mot. to Appear Pro Se, Jan 17, 2001, at 15. At no time during the hearing did Mr. Carrillo express displeasure with his trial counsel. On the contrary, Mr. Carrillo stated that both of his lawyers were "doing a good job." *Id.* Indeed, Mr. Carrillo requested that defense counsel serve as his advisory counsel. The only complaint Mr. Carrillo voiced about trial counsel was that he did not think they were prepared. This concern apparently was not shared by counsel, who indicated no hesitation with proceeding to trial approximately five weeks from the hearing. Under these circumstances, Mr. Carrillo's concern about trial counsel's preparedness was not a sufficient basis for substitution of counsel, *see Padilla*, 819 F.2d at 955, and therefore such concern does not render his waiver involuntary.

We turn next to whether Mr. Carrillo knowingly and intelligently waived his right to counsel. Liberally construing his pro se brief, Mr. Carrillo appears to claim that the trial court's denial of his request for a continuance and his deprivation of access to legal materials rendered his waiver ineffective. The district court evaluated those claims separately and dismissed them as procedurally barred. Aside from claiming that the district court should have considered the claims part of his ineffective waiver of counsel claim, Mr. Carrillo has not contested the district court's finding that these claims are procedurally

barred and we find no reason to disturb the district court's conclusion. Nonetheless, although these issues are procedurally barred if brought as stand-alone claims, we will consider them as part of Mr. Carrillo's claim that he did not knowingly and intelligently waive the right to counsel.

To decide whether a defendant knowingly and intelligently waives the right to counsel, the trial judge ideally should "conduct a thorough and comprehensive formal inquiry of the defendant on the record to demonstrate that the defendant is aware of the nature of the charges, the range of allowable punishments and possible defenses, and is fully informed of the risks of proceeding *pro se*." *United States v. Willie*, 941 F.2d 1384, 1388 (10th Cir. 1991). At the hearing on Mr. Carrillo's motion to appear pro se, the court ensured that Mr. Carrillo understood the nature of the charges against him, that the case was "extremely complex," and that he could be sentenced to life in prison on several of the charges. The court also inquired as to whether Mr. Carrillo understood his available defenses and the theory of the case. When asked whether he was "familiar with the fact that in a trial there are certain rules of conduct and procedural rules" with which the court cannot help him, Mr. Carrillo stated "[t]hat's why I have [advisory counsel] here. He can help me out and coach me a little bit." Rep.'s Tr., Hr'g on Mot. to Appear Pro Se, at 19. The court also ensured that Mr. Carrillo was aware that he was relinquishing many rights by

proceeding pro se. Thus, the inquiry conducted by the district court indicates that Mr. Carrillo knowingly and intelligently decided to waive his right to counsel and proceed pro se.

That the district court denied his request for a continuance does not affect the knowing and intelligent nature of his waiver. During the hearing on Mr. Carrillo's motion to appear pro se, the district court warned Mr. Carrillo against delaying or disrupting the proceedings. When Mr. Carrillo waived his right to counsel, he was therefore on notice that the court did not intend to delay the trial to accommodate Mr. Carrillo's preparations. Thus, the district court's subsequent denial of a continuance could not have invalidated his previous waiver of counsel.

Likewise, Mr. Carrillo's claim that he was denied access to legal materials does not invalidate his waiver of the right to counsel. When a prisoner waives his right to counsel he "is not entitled to access to a law library or other legal materials." *United States v. Cooper*, 375 F.3d 1041, 1052 (10th Cir. 2004); *see also United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999) ("*Taylor II*"). In *Taylor II*, the defendant conditioned his waiver of counsel on access to a law library. *Id.* at 1204. The district court in *Taylor II* allowed the defendant to proceed pro se, but appointed standby counsel because the court recognized that affording the defendant access to a law library would be extremely burdensome. *Id.* Despite the fact that the defendant was ultimately denied access to legal

materials, we upheld the defendant's waiver of the right to counsel because "providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library." *Id.*

Mr. Carrillo's claim is less persuasive than the claim presented by the defendant in *Taylor II*. Mr. Carrillo did not condition his waiver of counsel on access to legal materials, nor did he complain to the district court that he was deprived access. Assuming Mr. Carrillo was denied access to legal materials, such a deprivation does not invalidate his waiver when he was provided not only one advisory counsel, but also a second specifically to assist in discovery. Accordingly, Mr. Carrillo's waiver was voluntary, knowing, and intelligent, and he has failed to make a "substantial showing of the denial of a constitutional right" entitling him to a certificate of appealability from this Court. *See* 28 U.S.C. § 2253(c)(2). Mr. Carillo has not identified any factual issues that would warrant an evidentiary hearing.

*B. Validity of Sentence under* Blakely

Finally, Mr. Carrillo claims that his sentence is invalid under *Blakely v. Washington*, 542 U.S. 296 (2004). However, this Court has held that "*Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*." *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005). Nor does *United States v. Booker*, 543 U.S. 220 (2005), apply

retroactively to habeas corpus petitions. *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005). Mr. Carrillo's conviction became final on June 25, 2003, nearly one year before the Supreme Court issued an opinion in *Blakely*. Thus, Mr. Carrillo cannot challenge his sentence under either *Blakely* or *Booker*.

Accordingly, we **DENY** Manuel Carrillo's request for a COA and

**DISMISS** this appeal. Appellant's motion to proceed in forma pauperis is

**DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge