**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GERALD LAMONT OLDEN,

      Defendant-Appellant.

No. 08-5060
(D.Ct. No. 4:04-CR-00071-TCK-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT, ANDERSON,** and **BRORBY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      Appellant Gerald Lamont Olden, a *pro se* litigant and federal inmate, appeals the district court's denial of his motion brought pursuant to 18 U.S.C.

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 3582 for the purpose of modifying his sentence based on Amendment 706 to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") and denial of his request for appointment of counsel, which he asserts violates his Sixth Amendment right to counsel. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Procedural Background

On February 17, 2005, Mr. Olden pled guilty to a one-count indictment charging him with knowing possession with intent to distribute cocaine base (crack), a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). As part of his plea agreement, Mr. Olden and the government stipulated he qualified as a Guidelines career offender as contemplated by U.S.S.G. § 4B1.1(b)(C), which provided for a base offense level of 32 and a criminal history category of VI. They also stipulated to a three-level reduction in the offense level for acceptance of responsibility, for a final offense level of 29, which, with a criminal history category of VI, resulted in a Guidelines range of 151 to 188 months imprisonment.

After Mr. Olden pled guilty, a federal probation officer prepared a presentence report, in conjunction with the 2004 Guidelines, to determine his sentence. Based on Mr. Olden's possession of 28.53 grams of cocaine base, the

probation officer determined the base offense level for the instant crime of possession with intent to distribute was 28 and that an increase of two levels was warranted because he possessed a firearm in connection with the offense, resulting in an adjusted offense level of 30. However, because Mr. Olden was twenty-nine years old at the time of the commission of the instant offense and had two prior felony convictions for crimes of violence for car-jacking and conspiracy to commit robbery with a firearm, the probation officer classified Mr. Olden as a career offender under U.S.S.G. § 4B1.1(b)(c), which provides for an offense level of 32. After applying a three-level reduction for acceptance of responsibility, the probation officer calculated Mr. Olden's total offense level at 29.

With respect to Mr. Olden's criminal history computation, the probation officer determined he had nine criminal history points, establishing a criminal history category of VI. The officer also determined that because Mr. Olden was a Guidelines career offender under U.S.S.G. § 4B1.1(b), his career offender criminal history category was also VI, which, together with his total offense level of 29, resulted in a Guidelines sentencing range of 151 to 188 months imprisonment.

Mr. Olden filed an objection to the presentence report, arguing against the two-level offense enhancement for possession of a firearm during the instant

offense. The probation officer responded by explaining the factual circumstances warranting the two-level firearm enhancement, but also noted that even if the district court sustained the objection, the base offense level would remain the same, given Mr. Olden's offense level was ultimately determined on the applicable Guidelines career offender provisions and not on the lower alternative offense level calculations for the drug quantity he possessed.

Prior to sentencing, Mr. Olden filed a motion for downward departure, admitting he stipulated to being a career offender and that he was technically a career offender, but requesting the court consider whether his career offender status was overstated, especially since he had just turned eighteen at the time of the car-jacking offense, and based on his claim he was not an extensive participant in either that crime or the armed robbery. After hearing the parties' arguments, the district court denied Mr. Olden's motion for downward departure. It further determined a firearm was, in fact, found in connection with the instant offense, but regardless of the firearm enhancement, Mr. Olden was a career offender, resulting in an offense level of 32, which, with a three-level adjustment for acceptance of responsibility and a criminal history category of VI, resulted in a total offense level of 29, for a Guidelines sentencing range of 151 to 188 months imprisonment. After stating it had considered the applicable advisory sentencing Guidelines and the sentencing factors in 18 U.S.C. § 3553(a), the

district court sentenced Mr. Olden near the bottom of the 151- to 188-month sentencing range to 156 months imprisonment.

Thereafter, Mr. Olden filed a letter with the district court seeking appointment of counsel for the purpose of filing a motion under 18 U.S.C. § 3582 based on "the retroactivity of the new crack cocaine amendments." After the district court denied his request for counsel, Mr. Olden filed a "Motion for Clarification," asking it to clarify its denial of his request for appointment of counsel for the purpose of seeking a two-level reduction under the new crack cocaine amendments. The district court construed Mr. Olden's letter as a motion under § 3582(c)(2) for a reduction of sentence based on Amendment 706 to U.S.S.G. § 2D1.1(c), which modified the Drug Quantity Table contained therein downward two levels for crack cocaine. *See* U.S.S.G. Supp. to App'x C, Amend. 706. It then *sua sponte* denied Mr. Olden's motion, finding Amendment 706 applied to Mr. Olden's offense of possession of crack cocaine, reducing his adjusted offense level to 28, but that his offense level remained at 29 "by virtue of application of the career offender enhancement procedures as set out in U.S.S.G. § 4B1.1." R., Supp. Vol. 1 (4/8/08 Order). In denying the motion, it explained the offense level for his career offender status "trump[ed]" the otherwise applicable offense level under the Guidelines because it was greater. It also denied Mr. Olden's request for clarification concerning its denial of

appointment of counsel, relying on other circuit court precedent that no right to appointment of counsel exists when pursuing relief under 18 U.S.C. § 3582(c).

## II. Discussion

Mr. Olden now appeals the district court's denial of his motion for clarification, claiming the district court erred in denying his motion for a two-level offense reduction under 18 U.S.C. § 3582(c) and his request for appointment of counsel, which he asserts denied him his Sixth Amendment right to counsel. As Mr. Olden asserts, Amendment 706 modified the drug quantity thresholds in U.S.S.G. § 2D1.1(c) and the Drug Quantity Table so that "[c]rack cocaine offenses for quantities above and below the mandatory minimum threshold quantities ... [were] adjusted downward by two levels." U.S.S.G., Supp. to App'x C, Amend. 706 (Reason for Amend.). Amendment 706 became retroactive on March 3, 2008, following the passage of Amendments 712 and 713. *See* U.S.S.G. § 1B1.10(a) and (c), Amends. 712 and 713 (March 3, 2008 Supp.). Amendment 712 includes an exclusion to the reduction of a sentence by amendment by providing, in part: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if ... an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B), Amend. 712 (March 3, 2008 Supp.).

With this in mind, "[w]e review de novo the district court's interpretation of a statute or the sentencing guidelines." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation marks and citation omitted). When a "motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." *Id.* (quotation marks, citation, and alteration omitted). Section 3582(c) allows the court to modify a sentence if the sentencing range is subsequently lowered by the Sentencing Commission. *Id.* at 540-41.

Applying these principles, we have little to add to the district court's denial of Mr. Olden's § 3582 motion. As the district court noted, retroactive application of a two-level reduction to Mr. Olden's adjusted base offense level, as prescribed by Amendment 706, would not result in a lesser sentence. This is because the offense level applied in calculating his sentence was not based on the quantity of crack cocaine he possessed, but on his career offender status, to which he stipulated and which the district court determined applied. As a result, "a reduction" in Mr. Olden's term of imprisonment "is not consistent with" the policy statement in § 1B1.10 "and therefore is not authorized under 18 U.S.C. § 3582(c)(2)" because a two-level reduction in the offense level under Amendment 706, as listed in § 1B1.10(c), "does not have the effect of lowering [his] applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(b), Amend. 712

(March 3, 2008 Supp.).

We also reject Mr. Olden's claim he has a constitutional right to assistance of counsel in pursuing his § 3582 motion. "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction ...." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir.), *cert. denied*, ___ S. Ct. ___, 2008 WL 2353350 (U.S. Oct. 6, 2008) (No. 07-11293). As the district court indicated, other circuits have applied this principle to the issue presented here, holding no constitutional right to appointed counsel exists for the purpose of bringing a § 3582(c)(2) motion for a reduction of sentence. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999); *United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Reddick*, 53 F.3d 462, 463-65 (2d Cir. 1995). Given no right to counsel exists and Mr. Olden's request for a sentencing reduction is clearly foreclosed by law, the district court did not abuse its discretion in denying his request for counsel. *See Engberg v. Wyoming*, 265 F.3d 1109, 1121-22 (10th Cir. 2001).

## III. Conclusion

For these reasons, we **AFFIRM** the district court's order denying Mr. Olden's motion for clarification filed pursuant to 18 U.S.C. § 3582(c)(2); in

addition, we **GRANT** Mr. Olden's motion for leave to proceed *in forma pauperis*.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge