FILED
United States Court of Appeals
Tenth Circuit

August 3, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff–Appellee,

v.

BARRY DEAN BISCHOF,

     Defendant–Appellant.

No. 09-6247
(D.C. No.) 5:09-CV-00613-D and
5:07-CR-001545-D-1
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Barry Dean Bischof, a federal prisoner proceeding pro se, appeals the district

court's dismissal of his 28 U.S.C. § 2255 habeas petition as untimely. Exercising

jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, we affirm.

Between 2003 and 2005, Bischof and other prisoners at a federal correctional

institution in Reno sent threatening letters to federal officials, including the institution's

_____

    * The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

warden. The prisoners claimed they had obtained property interests in their names and demanded exorbitant sums as damages for copyright and trademark infringement. With the help of individuals outside of the prison, Bischof and others attempted to file liens on the real and personal property of the officials and to use those liens to negotiate their release. After the FBI learned of the scheme, a grand jury indicted Bischof for conspiracy to impede federal officials in violation of 18 U.S.C. § 372 and mailing threatening communications with intent to extort in violation of 18 U.S.C. § 876(d). He was convicted by a jury, and sentenced to 168 months' imprisonment. Bischof's judgment and sentence were entered on March 31, 2008.

Although Bischof attempted to directly appeal his criminal conviction, he did not file a notice of appeal until September 10, 2008. We dismissed the appeal as untimely, noting that Bischof could argue in a § 2255 petition that his attorney improperly failed to file a timely appeal.

On June 8, 2009, Bischof filed a petition in federal district court to vacate his conviction and sentence pursuant to § 2255. Bischof asserted that he is innocent because he possesses a valid copyright for his name that he lawfully sought to enforce. He also contended that his trial counsel was ineffective for failing to file a direct appeal, and that the trial court violated Fed. R. Crim. P. 32(c)(5) by failing to properly inform him of his

right to appeal.[1]  Determining that Bischof's § 2255 limitations period began on the day after his judgment of conviction became final, see § 2255(f)(1), the district court concluded the petition was untimely.  It dismissed the petition and denied Bischof a certificate of appealability ("COA").

Bischof then commenced this appeal.[2]  In his application for a COA, Bischof asserted that he had asked his counsel to file an appeal on his behalf, and that counsel failed to do so.  Bischof argued that he was unable to learn of his attorney's failure in a timely manner because counsel did not have a secretary and the prison phone system made it impossible for him to leave a message on the attorney's answering machine.  Further, he stated that repeated transfers and placement in a segregated housing unit made communication impossible.

Construing Bischof's filings to assert that the limitations period should have begun to run only when he could have discovered his attorney's failure to file a direct appeal through the exercise of due diligence, see § 2255(f)(4), we granted a COA.  The government then filed a response and supplemented the record on appeal.  Under the

---

[1] Bischof also asserted claims for declaratory judgment related to his asserted copyright.  However, § 2255 only allows us to consider whether a federal prisoner should be released from custody; it does not authorize federal courts to hear civil claims against purported copyright infringers.  See § 2255(a).

[2] Although Bischof did not file a notice of appeal, the district court properly treated his second request for a COA from the order dismissing his § 2255 petition as the functional equivalent of a notice of appeal.  See Rodgers v. Wyo. Attorney Gen., 205 F.3d 1201, 1205 (10th Cir. 2000), overruled on other grounds by Slack v. McDaniel, 529 U.S. 473 (2000).

terms of the COA, we may only consider: (1) whether the district court erred in determining that Bischof's § 2255 limitations period ran from the date on which his judgment of conviction became final, pursuant to § 2255(f)(1); and (2) if § 2255(f)(4) applies, whether Bischof's petition was timely.

After reviewing the supplemental record, we conclude that the district court did not err in determining that Bischof's limitations period began to run pursuant to § 2255(f)(1). In his district court pleadings, Bischof represented that he never asked his attorney to file a direct appeal on his behalf; consequently, he is now estopped from asserting that he did ask his attorney to appeal. See Kaiser v. Bowlen, 455 F.3d 1197, 1203-04 (10th Cir. 2006). Furthermore, Bischof refused to meet with trial counsel before sentencing and asserted that he did not wish trial counsel to represent him. Under such circumstances, Bischof should have known trial counsel would not file an appeal. Thus, even assuming that counsel had a duty to consult with Bischof about filing an appeal, "the date on which the facts supporting [Bischof's] claims . . . could have been discovered through the exercise of due diligence," § 2255(f)(4), was in fact before "the date on which [Bischof's] judgment of conviction [became] final," § 2255(f)(1). Because the limitations period runs from the later of these two events, see § 2255(f), the district court did not err in determining that Bischof's limitations period began to run when his conviction became final.

Accordingly, the district court correctly determined that Bischof's § 2255(f)(1) limitations period expired on April 15, 2009, almost two months before Bischof filed his

petition. Bischof's petition was therefore untimely, and we **AFFIRM** the district court's dismissal.

Entered for the Court,

Carlos F. Lucero
Circuit Judge