FILED
United States Court of Appeals
Tenth Circuit

August 3, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MANUEL GUILLERMO CARRILLO,

      Defendant-Appellant.

No. 10-1047
(D.C. Nos. 10-CV-00093-MSK;
99-CR-00300-K-1)
(D. Colo.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Manuel Guillermo Carrillo, a federal prisoner proceeding pro se,[1] seeks a

Certificate of Appealability ("COA") to challenge the district court's denial of his

motion under 28 U.S.C. § 2255. Mr. Carrillo also requests leave to proceed *in*

---

[*] This Order is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

After examining the appellate record, this three-judge panel determined
unanimously that oral argument would not be of material assistance in the
determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

[1] Because Mr. Carrillo is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van
Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

*forma pauperis* ("IFP"). For the reasons discussed below, we deny the application for a COA, deny the motion to proceed IFP, and dismiss the appeal.

## BACKGROUND

Following a jury trial, Mr. Carrillo was convicted of seventeen drug-trafficking offenses and is serving a sentence of 720 months in prison. Both the conviction and sentence were affirmed on direct appeal. *See United States v. Hinojosa Gonzalez*, 68 F. App'x 918 (10th Cir. 2003). The district court denied Mr. Carrillo's previous § 2255 motion, and this denial was affirmed on appeal. *See United States v. Carrillo*, 161 F. App'x 790 (10th Cir. 2006).

Mr. Carrillo then filed a pro se motion for reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court appointed counsel to represent Mr. Carrillo on the § 3582(c)(2) motion. After reviewing Mr. Carrillo's motion, his counsel informed the district court that he did not believe the motion required any supplementation. At a July 28, 2008 hearing, the district court denied Mr. Carrillo's § 3582(c)(2) motion, finding that the crack disparity amendment did not alter the Guideline range applicable to Mr. Carrillo's sentence. On September 19, 2008, Mr. Carrillo filed a motion for reconsideration, arguing, *inter alia*, that his counsel suffered from a prohibited conflict of interest and that Mr. Carrillo had not received copies of the filings relating to his § 3582(c)(2) motion before the district court's ruling. On November 7, 2008, the district court denied the motion for reconsideration. On

2

January 5, 2009, Mr. Carrillo filed a pro se notice of appeal regarding both the district court's initial denial of his § 3582(c)(2) motion and the denial of his motion for reconsideration. On March 5, 2009, we dismissed this appeal as untimely.

On January 15, 2010, Mr. Carrillo filed the current § 2255 motion. He primarily argued that the counsel appointed to assist him in the § 3582(c)(2) proceeding had a conflict of interest and that the counsel was ineffective for failing to file a timely notice of appeal from the district court's denial of the § 3582(c)(2) motion. However, the district court explained that Mr. Carrillo's claims—essentially involving alleged ineffective assistance of counsel in the § 3582 proceeding—could not be asserted under § 2255. As the district court explained:

> Claims of ineffective assistance of counsel are cognizable in a § 2255 proceeding only where the petitioner enjoyed a constitutional guarantee of assistance of counsel in the proceeding at issue . . . . However, as a post-conviction proceeding, a motion to reduce a sentence under § 3582 is not a proceeding for which a defendant enjoys a constitutional right to the assistance of counsel. As a result, the appointment of allegedly-conflicted counsel—or a refusal to appoint any counsel whatsoever—to assist a defendant with a § 3582 motion does not render the subsequent denial of such a motion constitutionally suspect.

R. at 79–80 (Order Den. Mot., dated Feb. 3, 2010) (citations omitted). In addition, the district court held that even if it were to construe his § 2255 motion as one seeking reconsideration of the court's denial of his § 3582 motion, Mr.

3

Carrillo had failed to identify any way in which the district court's ruling on the § 3582 motion was incorrect. Consequently, the district court found that Mr. Carrillo was entitled to no relief under § 2255(b) and denied his motion. This appeal followed.

## DISCUSSION

A defendant may not appeal the district court's denial of a § 2255 motion without first obtaining a COA from this court. 28 U.S.C. § 2253(c)(1)(B). We in turn may only issue a COA where "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting *Slack v. McDaniel*, 539 U.S. 473, 484 (2000)). Unless we grant a COA, we lack jurisdiction to resolve the merits of a habeas appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003).

We conclude that reasonable jurists would not find debatable the correctness of the district court's procedural resolution of Mr. Carrillo's § 2255 claim. A petitioner may bring a § 2255 claim to challenge the constitutionality of his conviction or sentence. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A 28 U.S.C. § 2255 petition attacks the legality of detention . . . . 'The

4

purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence . . . ."' (quoting *Johnson v. Taylor*, 347 F.2d 365, 367 (10th Cir. 1965) (per curiam))). And as the district court explained: "Claims of ineffective assistance of counsel are cognizable in a § 2255 proceeding only where the petitioner enjoyed a constitutional guarantee of assistance of counsel in the proceeding at issue." R. at 79. While Mr. Carrillo continues to argue on appeal that his appointed counsel was ineffective in connection with his § 3582(c)(2) proceeding, he was not entitled to counsel during the § 3582(c)(2) proceeding. *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008) (rejecting a defendant's claim that he had a constitutional right to assistance of counsel in pursuing a § 3582 motion); *accord United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999); *United States v. Townsend*, 98 F.3d 510, 512–13 (9th Cir. 1996) (per curiam); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Reddick*, 53 F.3d 462, 464–65 (2d Cir. 1995); *cf. Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (holding that "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction"); *Barbour v. Haley*, 471 F.3d 1222, 1227–28 (11th Cir. 2006). Therefore, Mr. Carrillo cannot claim that he received ineffective assistance of counsel in his § 3582 proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (explaining that a defendant cannot claim ineffective assistance of counsel

in a proceeding in which that defendant has no constitutional right to an attorney); *Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982) (per curiam) (holding that where there is no constitutional right to counsel there can be no deprivation of effective assistance). Consequently, jurists of reason could not disagree with the district court's procedural conclusion that Mr. Carrillo was entitled to no relief under § 2255.

Finally, Mr. Carrillo is not entitled to proceed IFP because he has failed to identify "'the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)).

## CONCLUSION

For the foregoing reasons, we **DENY** the application for a COA, **DENY** the motion to proceed IFP, and **DISMISS** the appeal.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

6