**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MATTHEW CAMPOS,

      Defendant - Appellant.

No. 15-8038
(D.C. No. 2:11-CR-00132-NDF-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

    In 2011, Matthew Campos pled guilty to being a felon in possession of a firearm

and to unlawfully distributing methamphetamine. The district court sentenced Mr.

Campos to 70 months in prison. In 2015, he moved the court for a reduced sentence

under 18 U.S.C. § 3582(c)(2), which authorizes district courts to reduce previously

imposed sentences in limited circumstances. The district court denied the motion. Mr.

---

   [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

Campos appeals from that ruling. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

On December 7, 2011, Mr. Campos pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 1), and to unlawfully distributing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) (Count 2). His plea agreement recommended he receive two concurrent sentences of 60 months in prison.

The U.S. Probation Office's Guidelines calculation in its Presentence Investigation Report ("PSR") determined the base offense levels for both Count 1 and Count 2 to be 20. The PSR added a two-level multiple count enhancement under U.S.S.G. § 3D1.4, and subtracted three levels to account for Mr. Campos's acceptance of responsibility, for a final offense level of 19 for both Count 1 and Count 2. With Mr. Campos's criminal history category of V, the PSR calculated the recommended Guidelines range to be 57-71 months for each count.

The district court adopted the PSR's Guidelines calculations and sentenced Mr. Campos to two concurrent 70-month sentences, which were within the Guidelines range but above the 60 months recommended in his plea agreement. Mr. Campos did not appeal his sentence.

On May 12, 2015, Mr. Campos filed a motion in district court under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence under Amendment 782 to the Guidelines. The district court denied Mr. Campos's motion because Amendment 782

would not change his Guidelines range. Mr. Campos filed a timely notice of appeal on June 15, 2015.

## II.  **DISCUSSION**

On appeal, Mr. Campos asserts the district court erred by (1) concluding Amendment 782 would not reduce his Guidelines range; (2) applying a multiple count enhancement during sentencing in 2011; (3) failing to appoint counsel for him on his § 3582(c) motion; and (4) failing to consult the Sentencing Commission before denying his motion. Because the district court did not err, we affirm.

### A.  *Amendment 782*

The district court denied Mr. Campos's motion as to Amendment 782 because the amendment would not change his Guidelines sentencing range. We agree.

Section 3582(c)(2) permits district courts to reduce a prisoner's sentence "that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement on reducing sentences based on amendments to the Guidelines disallows reductions when "an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10(a)(2)(B) (U.S. Sentencing Comm'n 2014). Amendment 782 is listed in U.S.S.G. § 1B1.10(d) and does not lower Mr. Campos's applicable Guidelines range.

Amendment 782 reduces by two levels the base offense levels of crimes involving many of the controlled substances listed in the Guidelines' Drug Quantity Table in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. app. C, Amend. 782.

As the district court explained, Amendment 782 would reduce the base offense level for Count 2 by two levels because Count 2 involves a controlled substance listed in the Drug Quantity Table. But this level reduction would not affect the Guidelines range, which was calculated in this case based on the combined offense level of Counts 1 and 2 under U.S.S.G. § 3D1.4. The combined offense level is calculated by first separating multiple factually unrelated offenses into groups, which the district court did by separating Count 1 and Count 2. *See id.* § 3D1.1. Next, the court determines "the offense level applicable to each Group." *Id.* Then the "combined offense level is determined by taking the offense level applicable to the Group with the highest offense level . . . ." *Id.* § 3D1.4. Here, at the initial sentencing, the district court determined the combined offense level to be 20 because both groups had identical offense levels of 20. Even if Amendment 782 would reduce Count 2's base offense level from 20 to 18, the highest offense level, for Count 1, would still be 20. This would result in the same combined offense level and the same Guidelines range the district court originally calculated. *Id.*

The district court also applied a two-level enhancement under § 3D1.4 for multiple counts that are within five offense levels of each other. Amendment 782 would not affect this two-level enhancement either because, even if it reduced the offense level for Count

- 4 -

2 from 20 to 18, this base offense level is still within five offense levels of the base offense level of 20 for Count 1. *Id.*

Because application of Amendment 782 does not change the base offense level for Count 1, and thus does not change Mr. Campos's Guidelines range, we affirm the district court's denial of Mr. Campos's motion.

### B. *Multiple Count Enhancement*

Mr. Campos next argues the district court erred by employing the multiple count enhancement under § 3D1.4 at his original sentencing hearing in 2011. Because challenges to a sentencing court's procedures can be raised only on direct appeal or in a motion under 28 U.S.C. § 2255, Mr. Campos's argument is not properly before this court. *See United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003).

### C. *Appointing Counsel*

Mr. Campos next asserts the district court erred by failing to appoint counsel. This argument fails because he has no right to appointment of counsel beyond his direct appeal from his conviction. No right to counsel extends to a § 3582(c)(2) motion. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008); *United States v. Carrillo*, 389 F. App'x 861, 863 (10th Cir. 2010) (unpublished); *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008) (unpublished).[1]

---

[1] Although these cases are unpublished and therefore not precedential, we cite them for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).

### D. *Consulting the Sentencing Commission*

Mr. Campos finally argues the district court erred by failing to consult the Sentencing Commission before denying his § 3582(c)(2) motion. Because he cites to no authority suggesting this would be a required, much less proper procedure, we affirm.

## III. CONCLUSION

The district court correctly held it lacked authority under § 3582(c)(2) to reduce Mr. Campos's sentence under Amendment 782. Mr. Campos's challenge to the procedures the district court used to calculate his original Guidelines range is not properly before this court. We deny his motion to appoint counsel for his § 3582(c)(2) motion. Finally, the district court was not required to consult the Sentencing Commission. We affirm.

ENTERED FOR THE COURT,

Scott M. Matheson, Jr.
Circuit Judge