**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALLEN J. WILLIAMS,

    Defendant - Appellant.

No. 21-3001
(D.C. No. 2:14-CR-20030-KHV-3)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Allen Williams, proceeding pro se,[1] appeals the district court's order

dismissing his request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i),

as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. For

the reasons explained below, we affirm.

---

    [*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

    [1] We construe Williams's pro se brief liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

In October 2014, Williams pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The district court sentenced him to 155 months in prison. Williams is currently confined at USP Leavenworth, a Bureau of Prisons (BOP) facility in Leavenworth, Kansas. His "projected release date is March 25, 2025." R. vol. 1, 205. In October 2020, Williams filed pro se motions seeking compassionate release under § 3582(c)(1)(A)(i), citing the combination of his asthma and the COVID-19 pandemic.

The district court dismissed Williams's motions. It began by noting that a district court may modify a defendant's sentence only in certain limited circumstances. *See* § 3582(c) (providing that "court may not modify a term of imprisonment once it has been imposed except" as set forth in this statute). As relevant here, the district court noted, it could order compassionate release only if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, . . . it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements."[2] § 3582(c)(1)(A).

---

[2] The district court also noted that Williams's motion was procedurally appropriate because before filing it with the court, he submitted a request for compassionate release to the warden and received no response within 30 days. *See* § 3582(c)(1)(A) (allowing district court to consider compassionate release "upon motion of the defendant after . . . the lapse of 30 days from the receipt of [compassionate-release] request by the warden of the defendant's facility").

The district court ruled that the combination of Williams's asthma and the COVID-19 pandemic did not constitute extraordinary and compelling circumstances. Further, the district court determined that even if Williams could show extraordinary and compelling circumstances, it would deny relief after considering the § 3553(a) factors. *See* § 3582(c)(1)(A) (stating that court reviewing motion for sentence reduction must "consider[] the factors set forth in [§] 3553(a) to the extent that they are applicable"). Specifically, after pointing out that Williams had served about 95 months of his 155-month sentence, the district court concluded that "[a] sentence of time served" was "inconsistent with the seriousness of [his] offense, the need for deterrence[,] and the need to protect the public." R. vol. 1, 211–12; *see also* § 3553(a)(2). In support, the district court noted that Williams "committed the crimes of armed bank robbery and using a firearm as part of a crime of violence" and "was a manager or supervisor in the criminal activity that involved two other participants." R. vol. 1, 212. He "recruited" the other two participants, "scoped out the bank before the robbery, drew a diagram of the bank layout," and provided both the handgun and the vehicle used in the robbery. *Id.*

Additionally, the district court described Williams's "significant criminal history[,] including convictions for felony theft of a vehicle, assault for threatening to kill an ex-girlfriend and her boyfriend, destruction of property (throwing a piece of cinderblock through his ex-girlfriend's bedroom window)[,] and armed robbery of a Subway restaurant," along with charges for "criminal damage to property for kicking

down the door to his ex-girlfriend's residence and assault with a deadly weapon (pointing a gun at his ex-girlfriend and her boyfriend)." *Id.*; *see also* § 3553(a)(1).

Thus, although the district court acknowledged that Williams had served about 60% of his sentence, participated in BOP programs, and had no recent incident reports, it concluded that "on balance, the factors . . . do not support a reduced sentence." R. vol. 1, 213. Accordingly, the district court found that Williams could not satisfy § 3582(c)(1)(A) and dismissed his request for compassionate release. Williams appeals.

Our review is for abuse of discretion. *See United States v. Saldana*, 807 F. App'x 816, 818 n.4 (10th Cir. 2020) (unpublished) (reviewing denial of sentence reduction under § 3582(c)(1) for abuse of discretion); *United States v. Pinson*, 835 F. App'x 390, 393–94 (10th Cir. 2020) (unpublished) (reviewing dismissal "of a § 3582(c)(1) motion based on dangerousness and the § 3553(a) factors" for abuse of discretion). Under such standard, "we will uphold the district court's ruling unless [the district court] 'relie[d] on an incorrect conclusion of law or a clearly erroneous finding of fact.'" *Pinson*, 835 F. App'x at 394 (second alteration in original) (quoting *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016)).

Williams argues that the district court erred by considering some but not all of the relevant § 3553(a) factors. Specifically, he asserts that he has made significant progress toward rehabilitation; that the violence in his history "was aberrant" and "occurred over the course of months, not years"; that he has engaged in various community service over the years; and that he has no history of employment

4

problems. Aplt. Br. 3. He also asserts that his codefendant received a much shorter sentence despite being more culpable and that if he were sentenced today, he "could reasonably request and receive a lower sentence" based on two intervening Supreme Court cases. *Id.* at 7. But even accepting the truth of Williams's assertions and assuming their relevance to deciding a compassionate-release motion, his "arguments do not establish that the district court based its decision on an error of law or a clearly erroneous assessment of the evidence when it determined that the [§ 3553(a)] factors weighed against" compassionate release. *United States v. Harmon*, 834 F. App'x 101, 102 (5th Cir. 2021) (unpublished); *see also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

For instance, Williams's citations to other district-court cases do not show that an abuse of discretion occurred here. In each such case, the balance of the § 3553(a) factors differed from the balance here in one critical manner—the absence of violence in the defendant's criminal history. In *United States v. Gilchrist*, the district court determined that the § 3553(a) factors allowed for compassionate release because despite a "significant criminal history related to drug trafficking," the defendant did "not have a history of violence or possession of firearms." No. 12-20066-40, 2020 WL 5408138, at *5 (D. Kan. Sept. 9, 2020); *see also United States v. Leal*, No. 12-20021-05, 2020 WL 3892976, at *3 (D. Kan. July 10, 2020) (finding that § 3553(a) favored compassionate release because despite "significant criminal history," defendant was convicted only of a drug crime, thereby implying no violence was involved). Similarly, in *United States v. Carter*, although the defendant "ha[d] a

5

significant criminal history" and also "possessed firearms," the district court found that the § 3553(a) factors favored compassionate release in part because the defendant did "not appear to have a history of violence." No. 12-20066-38, 2020 WL 5057603, at *3 (D. Kan. Aug. 27, 2020); *see also id.* (noting that defendant had served 116 months of his 151-month sentence, which is nearly two more years than Williams).

It is not our place to reweigh the factors and come to a different conclusion than the district court, which concluded that the seriousness of Williams's crimes and the violence in his criminal history outweighed other factors and did not support a sentence reduction. Williams's "disagreement with how the district court balanced the § 3553(a) factors is insufficient to establish an abuse of discretion and 'is not a sufficient ground for reversal.'" *Harmon*, 834 F. App'x at 102 (quoting *Chambliss*, 948 F.3d at 694). We therefore affirm the district court's order dismissing Williams's motion.[3]

As a final matter, we reject Williams's argument that the Federal Public Defender who filed a reply brief on his behalf in the district court provided

---

[3] Because we affirm on this basis, we need not and do not reach Williams's other arguments, including that the district court erred in concluding that Williams failed to establish extraordinary and compelling circumstances. Even if these other arguments succeeded, the district court's decision would nevertheless stand on its § 3553(a) ruling in light of the district court's explicit statement that even if Williams could show extraordinary and compelling circumstances, it would deny relief based on the § 3553(a) factors. *See* § 3582(c)(1)(A) (explaining that district court may reduce sentence based on § 3553(a) factors, consistency with applicable policy statements, *and* extraordinary and compelling circumstances).

ineffective assistance of counsel. There is no right to counsel—or an accompanying right to *effective* counsel—in sentence-reduction proceedings. *See United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008) (unpublished) (noting that "no constitutional right to appointed counsel exists for the purpose of bringing a § 3582(c)(2) motion for a reduction of sentence").

Affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge