**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 7, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BARRY DEAN BISCHOF,

    Defendant - Appellant.

No. 22-6140
(D.C. No. 5:07-CR-00154-D-4)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Barry Bischof, a federal prisoner proceeding pro se,[1] appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons explained below, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We construe Bischof's pro se filings liberally, "but we do not act as his advocate." *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

**Background**

In 2007, a jury convicted Bischof of conspiring to impede a federal officer, in violation of 18 U.S.C. § 372, and mailing threatening communications with the intent to extort a release from prison, in violation of 18 U.S.C. § 876(d). In the underlying scheme, Bischof and his coconspirators—most of whom were inmates at a federal correctional institution in Oklahoma—sent threatening letters to federal officials asserting copyrights in their names and demanding exorbitant sums of money based on the officials' use of the inmates' names.[2] In furtherance of this endeavor, the conspirators researched assets held by these federal officials, attempted to file liens against such assets based on the unpaid copyright invoices, and attempted to seize the assets using a collections agency. The conspirators ultimately aimed to use their leverage over these assets to negotiate their release from prison.

For these offenses, the district court sentenced Bischof to 14 years in prison and three years of supervised release. Bischof's attempts to appeal were dismissed as untimely, as was his 28 U.S.C. § 2255 motion. *See United States v. Bischof*, 389 F. App'x 864, 866 (10th Cir. 2010).

In June 2020, Bischof filed a counseled motion for compassionate release under § 3582(c)(1)(A)(i). The government opposed Bischof's motion. The district court agreed that Bischof had shown extraordinary and compelling circumstances based on the combination of his age (73 years old), his multiple health conditions,

---

[2] Bischof was serving a 25-year sentence for a variety of 1993 drug and gun convictions.

and the COVID-19 pandemic. But it ultimately denied relief, concluding that the sentencing factors in 18 U.S.C. § 3553(a) did not support reducing Bischof's sentence. In so doing, the district court discounted Bischof's rehabilitative success against the nature and seriousness of Bischof's convictions, which stemmed from a "civil assault against federal officials that involved filing liens on their property in a scheme to extract a release from prison." R. vol. 1, 288. It also noted Bischof's disruptive conduct during the criminal proceedings, including refusing to speak with his attorney and filing numerous pro se documents. The district court concluded that the nature of Bischof's convictions and his disruptive conduct demonstrated antigovernment views and antisocial characteristics. And importantly, it noted, Bischof had served less than six years of his 14-year sentence, less than even the low end of his sentencing range. Overall, the district court concluded, "a prison sentence longer than [Bischof] has served to date is necessary to reflect the seriousness of his crime, promote respect for the law, provide just punishment, and afford adequate deterrence to criminal conduct." *Id.* It later denied reconsideration.

In July 2022, Bischof filed a second motion for compassionate release, this time proceeding pro se. The district court acknowledged that in the intervening years, Bischof had aged two more years, experienced additional health problems, completed additional educational courses, and been assessed as having a low risk of recidivism. Bischof had also served two more years of his 14-year sentence, bringing him beyond the halfway mark. But the district court concluded that "these changes in circumstances do not materially alter the sentencing calculus that resulted in the

denial of [Bischof's] prior motion." *Id.* at 347. Incorporating its prior order, it accordingly denied Bischof's second compassionate-release motion.

Bischof appeals.[3]

## Analysis

"We review a district court's order denying relief on a § 3582(c)(1)(A) motion for abuse of discretion." *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.* (quoting *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)).

Bischof argues that the district court abused its discretion by relying on facts not appropriately considered under § 3553(a). In particular, he faults the district court for relying on his refusal to speak to his attorney and his filing of pro se documents, asserting that such conduct stemmed from a conflict with his attorney and was an attempt to "[d]efend[] his rights." Aplt. Br. 3. But as the government points out, the record of the underlying proceedings demonstrates that Bischof's behavior *was* disruptive. For instance, he refused to answer questions from the district court at sentencing, and when given the opportunity to address the court about an appropriate sentence, he instead provided a confusing and unrelated statement about debts and bonds. And when imposing the sentence, the district court commented that Bischof's "demeanor in the courtroom throughout these proceedings . . . suggests an attitude of

---

[3] The district court later denied Bischof's motion for reconsideration, but Bischof did not appeal that ruling.

disrespect for the law." R. vol. 1, 53–54. Thus, regardless of Bischof's subjective characterization of his conduct in the underlying proceedings, the district court did not abuse its discretion in relying on that conduct in part when considering "the history and characteristics of the defendant" and the need "to promote respect for the law."[4] § 3553(a)(1), (2)(A).

Bischof next contends that "[t]he [d]istrict [c]ourt abused its discretion by improperly bolstering the limited factual incidents" underlying the denial of compassionate release. Aplt. Br. 3. In support, he notes that his crimes of conviction "are relatively less ser[]ious offenses compared to . . . violent, sexually oriented, robbery and other offenses." Id. at 4. He further faults the district court's characterization of his convictions as a "civil assault," arguing that his conduct was "a misguided but illegal attempt . . . to challenge the sentence[] [he] was serving." Id. But again, Bischof's subjective characterization of the seriousness and nature of his offenses does not establish that the district court abused its discretion in viewing those matters differently. Indeed, when denying Bischof's first compassionate-release motion, the district court noted that Bischof "largely ignore[d] the nature and seriousness of his criminal conduct" and failed to mention "the anti[]government views that marked his criminal offense or his past anti[]social behavior." R. vol. 1, 288. To be sure, Bischof attached a short apology to his second motion, but the

---

[4] Bischof also asserts that the district court erred by relying on Bischof's "mental defect/disability." Aplt. Br. 3. But nothing in the district court's order references any such defect or disability; the district court merely described Bischof's behavior.

district court did not abuse its discretion in disregarding Bischof's general apology in light of Bischof's overall conduct.

At bottom, Bischof essentially picks and chooses purportedly problematic features of the district court's analysis. But a sentencing court "need only set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision[-]making authority." *United States v. Hald*, 8 F.4th 932, 948 (10th Cir. 2021) (quoting *United States v. Chavez-Meza*, 138 S. Ct. 1959, 1964 (2018)). The order here clears this low bar. And to the extent that Bischof asks us to independently reevaluate the § 3553(a) factors in a light more favorable to him, doing so "is beyond the ambit of our review." *United States v. Lawless*, 979 F.3d 849, 856 (10th Cir. 2020); *see also United States v. Williams*, 848 F. App'x 810, 813 (10th Cir. 2021) ("It is not our place to reweigh the factors and come to a different conclusion than the district court . . . .").[5] "Because the weighing of the § 3553(a) factors is committed to the discretion of the district court, we cannot reverse 'unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *Hald*, 8 F.4th at 949–50 (quoting *United States v. Chavez-Meza*, 854 F.3d 655, 659 (10th Cir. 2017), *aff'd*, 138 S. Ct. 1959). We have no such conviction here. And we see no error of judgment in the district court's conclusion that the just over eight years Bischof has served of his 14-year sentence is not

---

[5] We cite unpublished cases for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).

sufficient to reflect the seriousness of his crimes, to promote respect for the law, to provide just punishment, and to afford adequate deterrence to criminal conduct.

## Conclusion

Finding no abuse of discretion in the district court's balancing of the § 3553(a) sentencing factors, we affirm. Given this outcome, we deny Bischof's motions seeking appointed counsel. *See United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008) (explaining that there is no right to counsel in § 3582(c) proceedings); *United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (denying motion to appoint counsel in appeal from denial of compassionate release after concluding defendant's arguments lacked merit). We also deny his motion for judgment on the pleadings.

Entered for the Court


Nancy L. Moritz
Circuit Judge