**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

REGGIE LEROY,

Defendant-Appellant.

No. 08-5088
(D.C. No. 4:89-CR-00091-HDC-5)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Appellant Reggie Leroy, a federal prisoner proceeding pro se, appeals the

district court's denial of his motion filed pursuant to 18 U.S.C. § 3582(c)(2) to

modify his sentence based on Amendment 706 to the United States Sentencing

Guidelines ("Guidelines" or "U.S.S.G."). We exercise jurisdiction under

28 U.S.C. § 1291 and affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Background*

A jury convicted Mr. Leroy and several codefendants of conspiring to knowingly and intentionally distribute cocaine base (crack cocaine). He was sentenced to 320 months' imprisonment. On appeal, his conviction was affirmed and his sentence was remanded for the district court to make the necessary findings on the record. *United States v. Leroy*, 944 F.2d 787 (10th Cir. 1991). On remand, the district court again sentenced Mr. Leroy to 320 months, which was affirmed on appeal. *United States v. Leroy*, 984 F.2d 1095 (10th Cir. 1993).

Mr. Leroy's sentence was based on a drug quantity of four kilograms of cocaine base. His Guidelines sentence was calculated using the 1988 version of the Guidelines.[1] Under that version, his base offense level was 36. *See* U.S.S.G. § 2D1.1(a)(3) (1988). With an increase of two levels for possession of a firearm and other dangerous weapons, and two additional levels for managing the conspiracy, the total offense level was 40, with a sentencing range of 292 to 365 months. Mr. Leroy's 320-month sentence was within that range.

Mr. Leroy filed his motion for sentence reduction under § 3582(c)(2) based on Amendment 706 of the Guidelines. "The Guidelines, through Amendment 706, generally adjust downward by two levels the base offense level assigned to

---

[1]     The district court's order indicates that the 1989 version was applied, but it is the 1988 version that states the base offense level as 36 for Mr. Leroy's drug quantity. *See* R. Vol. III at 6 (presentence report showing base offense level of 36).

quantities of crack cocaine. Amendment 706 took effect November 1, 2007 and was made retroactive as of March 3, 2008." *United States v. Sharkey*, No. 08-3115, ___ F.3d ___, 2008 WL 4482893, at *1 (10th Cir. Oct. 7, 2008). But the base offense level for four kilograms of cocaine base was increased after Mr. Leroy was sentenced. For example, the 1989 Guidelines directed a base offense level of 38 for four kilograms of cocaine base. U.S.S.G. § 2D1.1(c)(3) (1989).

It is undisputed that under the 1988 Guidelines, Mr. Leroy's base offense level was 36. It is further undisputed that under Amendment 706, his base offense level is also 36. Adding the enhancements, both adjusted Guideline levels are 40. Because application of Amendment 706 results in no change to Mr. Leroy's Guidelines level, the district court denied his motion to reduce his sentence.

Mr. Leroy appeals. He maintains that despite the fact that Amendment 706 did not lower his base offense level, the district court abused its discretion in refusing to reduce his sentence. He also contends that the district court abused its discretion in failing to consider his postconviction conduct. In addition, he maintains that the district court's refusal to reconsider his sentence ran afoul of *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 128 S. Ct. 558 (2007), because the district court merely re-imposed the original sentence without recognizing that the Guidelines are advisory, not mandatory.

*Legal Standards and Analysis*

"We review de novo the district court's interpretation of a statute or the sentencing guidelines." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation omitted). "We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)." *Sharkey*, 2008 WL 4482893, at *2. We construe liberally pleadings filed by pro se litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Amendment 706 lowered the base offense level for drug offenses involving crack cocaine. *See* U.S.S.G. § 2D1.1 (2007); U.S.S.G. Supp. to App. C, Amend. 706 (Nov. 1, 2007). When, as here, a "motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." *Smartt*, 129 F.3d at 540 (quotation and brackets omitted). As applicable to Mr. Leroy's situation, § 3582(c) allows the court to modify a sentence only if the sentencing range is subsequently lowered by the Sentencing Commission.

A reduction of a defendant's sentence "is not consistent with [the Sentencing Commission's] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)" if the amended drug-quantity table "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (Supp. 2008). Amendment 706 has no effect on the Guideline Mr. Leroy was sentenced under; accordingly, his motion for relief pursuant to

-4-

§ 3582(c)(2) was properly denied. *Cf. Sharkey*, 2008 WL 4482893, at *2 (holding a reduction in defendant's sentence as a career offender was not authorized under § 3582(c)(2) because Amendment 706 did not lower his applicable Guideline range under the career-offender Guidelines).

Turning to Mr. Leroy's claim that the district court erred by not considering his exemplary postconviction conduct, we first note that he did not raise this claim in the district court. Consequently, we do not consider it. *See United States v. Green*, 175 F.3d 822, 837 (10th Cir. 1999) (holding defendant waived alleged factual inaccuracies in presentence report by failing to raise them in district court). Moreover, because the district court did not resentence Mr. Leroy, it had no occasion to consider his rehabilitation. Finally, although this claim arguably may fall within § 3582(c)(1)(A), such a claim must be brought by the Director of the Bureau of Prisons, a requirement not met here. *Smartt*, 129 F.3d at 541.

Mr. Leroy also asserts that the district court failed to recognize that the Guidelines are not mandatory, in violation of the *Booker* line of cases, and therefore the court abused its discretion by imposing the same Guidelines sentence. This court has held that § 3582(c)(2) motions may not be used to present *Booker* claims seeking resentencing simply because *Booker* rendered the Guidelines advisory. *See United States v. Price*, 438 F.3d 1005, 1007 & n.2 (10th Cir. 2006). In addition, the policy statement in U.S.S.G. § 1B1.10 provides:

In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court . . . shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected.*

U.S.S.G. § 1B1.10(b) (Supp. 2008) (emphasis added). Thus, § 3582(c)(2) permits the court to consider only whether Mr. Leroy is entitled to a two-level offense reduction under Amendment 706, not to reevaluate his sentence under the Guidelines.

The district court's order denying Mr. Leroy's § 3582(c)(2) motion is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge