**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LEALON MULDROW,

Defendant-Appellant.

No. 08-3232
(D.C. No. 2:92-CR-20063-02-JWL)
(Dist. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Lealon Muldrow was convicted in 1993 of possessing 4.29 kilograms of

crack cocaine with the intent to distribute it. His total offense level was 42,

which, when combined with his criminal history category of V, yielded a

proposed sentence under the Guidelines of between 360 months to life

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment. The district court ultimately sentenced Mr. Muldrow to a term of 360 months.

In 2008, Mr. Muldrow filed a *pro se* motion under 18 U.S.C. § 3582(c)(2), arguing that he was eligible for a reduced sentence under Amendment 706 of the Sentencing Guidelines. The Amendment effectively reduces crack cocaine sentences by two base levels, *see* U.S.S.G. App. C Supplement, Amendment 706 (Nov. 1, 2007), and it applies retroactively, *see id.* at Amendment 713 (Mar. 3, 2008).

In his *pro se* motion, Mr. Muldrow also requested that the district court, when resentencing him pursuant to Amendment 706, reconsider two sentencing enhancements made in the course of his original sentence (one associated with the fact Mr. Muldrow committed his crime in proximity to a school; the other for obstruction of justice). Mr. Muldrow further asked the court to reconsider his sentence in light of the fact that, since the time of his original sentencing hearing, the Guidelines have been declared advisory rather than mandatory. *See United States v. Booker*, 543 U.S. 220 (2005).

The district court denied Mr. Muldrow's motion. First, it found that, even with application of the Amendment, he still faced the same sentencing range, and was thus ineligible for a sentence reduction under section 3582(c)(2). Second, having denied resentencing under section 3582(c)(2), the court concluded it

lacked authority to reopen and reconsider aspects of his original sentence unrelated to Amendment 706. This appeal followed.[1]

*** 

We review a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996). Section 3582(c)(2) states that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable,

---

[1] Mr. Muldrow's notice of appeal was filed outside the 10-day period prescribed by Rule 4(b)(1)(A), but within the permissible 30-day extension period. Mr. Muldrow asked for an extension of time, and a panel of this court remanded the matter to the district court to determine if there was good cause or excusable neglect for the delay sufficient to satisfy Rule 4(b)(4). The district court entered an order finding good cause, and extending the deadline for Mr. Muldrow to file his appeal to August 13, 2008 – the date the notice of appeal was filed. Because the government does not contest timeliness, we have no reason to question the district court's order. *See United States v. Garduno*, 506 F.3d 1287, 1291 (10th Cir. 2007) (Rule 4(b)'s timeliness requirement is a claim processing rule which may be forfeited if not properly raised by the government).

We note additionally that Mr. Muldrow's motion for appointment of counsel, filed along with his notice of appeal, is denied. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir.), *cert. denied*, 129 S.Ct. 134 (2008) ("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction"); *see also United States v. Olden*, 2008 WL 4596336 (Oct. 15, 2008) (same result when appealing denial of § 3582 motion).

*if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*" (emphasis added).

In turn, the Sentencing Commission's policy statement at U.S.S.G. § 1B1.10(a)(2)(B) provides that a reduction "is *not* consistent with this policy statement," and therefore not authorized under 18 U.S.C. § 3582(c)(2), when "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guidelines range." U.S.S.G. § 1B1.10(a)(2)(B) (emphasis added). Because Amendment 706 is listed in subsection (c), in deciding whether a section 3852(c)(2) reduction is appropriate, the first question we must ask is whether application of the Amendment would have the effect of lowering Mr. Muldrow's applicable Guidelines range.

Had Amendment 706 been in place at the time of Mr. Muldrow's original sentencing, it would have lowered by two levels his base offense level to 36, rather than 38. Even so, Amendment 706 would have had no effect on the remaining enhancements Mr. Muldrow received (a two-level adjustment associated with conducting drug activities near a school under U.S.S.G. § 2D1.2(a)(1) (Nov. 1, 1992), and another two-level adjustment for obstruction of justice under U.S.S.G. § 3C1.1 (Nov. 1, 1992)), which together would have brought his base level to 40. When combined with his criminal history category of V, an offense level of 40 would have still resulted in Mr. Muldrow's Guidelines sentencing range being 360 months to life in prison – that is, exactly

the same as it was *without* application of Amendment 706. Because Mr. Muldrow's Guidelines range is thus unchanged by application of Amendment 706, he is ineligible for relief under section 3582(c)(2). *See* U.S.S.G. § 1B1.10(b)(1); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) (district court did not abuse its discretion in denying section 3582(c)(2) motion, where other Guidelines provisions produced an offense level which did not alter the Guidelines range from that originally determined by the sentencing court).

Mr. Muldrow argues that, even if he is ineligible for relief under section 3582(c), the district court should have reconsidered his other sentencing enhancements. But, by its terms, section 3582(c)(2) forecloses the district court from reconsidering any other Guidelines applications not specifically listed in subsection (c). U.S.S.G. § 1B1.10(b)(1) (Supp. May 1, 2008). And neither Mr. Muldrow's enhancement for conducting drug transactions near a school nor his enhancement for obstructing justice are listed in subsection (c). We have previously held in a similar situation that section 3582(c)(2) permits a court only to consider whether a defendant is entitled to a two-level offense reduction under Amendment 706, and "not to reevaluate his sentence under the Guidelines." *United States v. Leroy*, No. 08-5088, 2008 WL 4636725, at *3 (10th Cir. Oct. 21, 2008) (unpublished); *see also United States v. Smartt*, 129 F.3d 539, 542-43 (10th Cir. 1997) (district court does not have jurisdiction under section 3582 to consider collateral sentencing issues).

Mr. Muldrow further asserts that the district court erred in refusing to reconsider his sentence in light of the Supreme Court's intervening decision in *Booker* and the renewed importance of the sentencing factors enumerated in 18 U.S.C. § 3553(a).  But because the district court lacked authority under section 3582(c)(2) to resentence him, it correctly held, consistent with our binding precedents, that it had "no occasion to consider the 18 U.S.C. § 3553(a) factors." *Sharkey*, 543 F.3d at 1239; *see also United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) ("[E]ven if *Booker* could be read to be an implicit lowering of [defendant's] sentencing range, § 3582(c)(2) only *expressly* allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range.").

*Affirmed.*

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge