**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD L. BISHOP,

Defendant - Appellant.

No. 12-6031
(D.C. No. 5:09-CR-00156-F-2)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Petitioner-Appellant Richard L. Bishop, a federal inmate appearing pro se,

challenges the order of the district court denying a motion to compel performance

of his plea agreement.  United States v. Bishop, 09-cr-156-F, Doc. 123 (W.D.

Okla. Dec. 13, 2011).  He pleaded guilty to distributing methamphetamine and

money laundering, but the court afterwards learned that he had altered letters of

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

support submitted before sentencing. Mr. Bishop pleaded guilty to obstruction of justice and was sentenced to another 12 months' imprisonment.

Mr. Bishop has a § 2255 motion pending in the district court. Neither the government nor the district court treated the motion to compel as part of that § 2255 motion. The government now argues that the motion to compel is in fact a second or successive § 2255 motion and that the district court lacked jurisdiction to entertain it, absent authorization by the court of appeals. 28 U.S.C. § 2255(h). The government argues that Mr. Bishop cannot meet the requirements of § 2255(h) and that this court should deny such authorization and vacate the district court's order. It appears that Mr. Bishop and the district court viewed the motion as one in the nature of mandamus. 28 U.S.C. § 1361. That said, Mr. Bishop cannot in any event show that any right to relief is "clear and indisputable." In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1190 (10th Cir. 2009).

Mr. Bishop argues that this second prosecution breached the plea agreement made in the first prosecution, specifically paragraph 15:

> If defendant enters a plea of guilty as described above and fully meets all obligations under this agreement, and [sic] he will not be further prosecuted by the United States Attorney's Office for the Western District of Oklahoma for any crimes related to his participation in conspiring to possess 50 grams or more of actual methamphetamine with the intent to distribute or money laundering during the period from December, 2003, through October, 2004. This agreement does not provide any protection

against prosecution for any crime not specifically described above.

1. R. Supp. 21-22. Mr. Bishop takes this to mean that the government was barred from prosecuting the obstruction of justice, as a crime "related to" the distribution and laundering. Aplt. Br. 9-13. But his alterations were plainly a new crime "not specifically described above," involving acts prohibited by a different statute, and committed at a time outside the December 2003-October 2004 period. Mr. Bishop says it would be "unconscionable" to limit the plea's scope to related crimes committed during that specific period, but this is odd logic: it would immunize him against charges for any other crimes, whether committed before or after the crimes denoted in the plea agreement.

Second, he alleges another breach, pointing to paragraph 13:

It is understood that, should defendant commit any further crimes or should it be determined that he has knowingly given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this agreement, the United States may declare this agreement null and void and prosecute defendant for any and all his federal criminal violations, including perjury and obstruction of justice.

1 R. Sup. 20. Mr. Bishop says that the "and" between "null and void" and "prosecute" required the government, if it wished to prosecute the obstruction of justice, to first void the original plea. Aplt. Br. 15. But what the government "may" do are not conditions, as he calls them, but options. The government could declare the plea void because of Mr. Bishop's breach, or prosecute him for the

- 3 -

new offense, or both, or neither. His logic again results in a sort of immunity: he could face an obstruction charge, yet be relieved of the original plea; or the government could enforce the plea, yet he gets off scot-free on his falsification.

Finally, Mr. Bishop argues that plea agreement is "ambiguous," Aplt. Br. 16, but this argument was not raised below and will not be considered here. United States v. Windrix, 405 F.3d 1146, 1156 (10th Cir. 2005).

Mr. Bishop's motion to proceed on appeal in forma pauperis (IFP) is granted. The government's motion to dismiss is DENIED and the district court's judgment on the motion to compel is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge