FILED
United States Court of Appeals
Tenth Circuit

July 17, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICHARD L. BISHOP,

Defendant-Appellant.

No. 13-6000
(D.C. Nos. 5:10-CV-01205-F and
5:09-CR-00156-F-2)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **ANDERSON** and **TYMKOVICH**, Circuit Judges.

Richard L. Bishop, a federal prisoner, seeks a certificate of appealability (COA) to appeal the district court's denial of his motion under 28 U.S.C. § 2255 to vacate his guilty plea. Bishop was sentenced to 180 months' imprisonment after pleading guilty to one count of conspiracy to distribute methamphetamine and one count of engaging in an illicit monetary transaction. Bishop filed the § 2255 motion challenging his guilty plea on the ground that his counsel had been

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

constitutionally ineffective, which the district court construed as a challenge to the voluntary and knowing nature of Bishop's plea.

Given the deference owed to the district court's factual findings, no reasonable jurist could disagree with the court's denial of Bishop's § 2255 motion. Accordingly, we DENY the COA and DISMISS the appeal.

## I. Background

Bishop worked at Allergy Labs in Oklahoma City, Oklahoma. Over the course of several months, he stole from his employer over 200 pounds of ephedrine for a friend, Adam Richard, who then sold it to various methamphetamine "cooks." Bishop received a total of $55,000 from Richard for the ephedrine.

Bishop was indicted with one count of conspiracy to distribute methamphetamine and one count of engaging in an illicit monetary transaction for using the theft proceeds to purchase a Mercedes Benz SUV. Bishop met with federal prosecutors and agents for a proffer meeting, during which he admitted to stealing the ephedrine, to knowing that the ephedrine was being used to produce methamphetamine, and to purchasing his SUV with proceeds from the theft.

Bishop decided to plead guilty. On Bishop's Petition to Enter Plea of Guilty, it lists a ten-year minimum sentence for the drug conspiracy count. The petition also contains a factual summary of the offense written by Bishop: "I agreed to provide and provided ephedrine to Adam Richard violating a federal

-2-

drug law. This ephedrine was distributed by Adam Richard to others for the production of methamphetamine." R., Vol. I at 64. The petition bears Bishop's signature. A previously prepared presentence report (PSR) calculated Bishop's range according to the Sentencing Guidelines (USSG) as between 235 and 292 months.

At Bishop's plea hearing, Bishop answered yes to all the judge's colloquy questions, including whether: (1) a signature on the petition was Bishop's; (2) a signature on the plea agreement was Bishop's; (3) Bishop understood that the charges to which he was pleading guilty carried a ten-year minimum sentence; (4) Bishop understood that he was waiving his right to appeal, unless the sentence was above the guideline range; (5) Bishop had entered into an agreement to supply Richard with ephedrine in order to produce methamphetamine; and (6) Bishop had used at least $10,000 of the proceeds from the ephedrine sale to purchase the SUV.

At sentencing, held the same day as entry of the guilty plea, Bishop's counsel argued for the ten-year minimum, a significant downward departure from the 235 months that was the bottom of the guideline range. The government asked for a within-guidelines sentence. The court ultimately imposed a sentence of 180 months. Of further note, Bishop was later charged with altering a letter of support his brother had written for his sentencing hearing.

Six months later, Bishop filed a *pro se* motion under 28 U.S.C. § 2255 to vacate his sentence on the ground his counsel had been constitutionally ineffective. He raised six separate arguments for why his counsel had been ineffective: (1) for failing to challenge the indictment as barred by the statute of limitations; (2) for advising Bishop to plead guilty to a drug distribution conspiracy when he only supplied a precursor chemical; (3) for failing to object to the voluntariness of Bishop's plea; (4) for advising Bishop to plead guilty to the illicit monetary transaction count; (5) for failing to object to the two-level sentencing enhancement Bishop received for being an organizer or leader in the conspiracy; and (6) for failing to file an appeal as requested. In support of his argument, Bishop reproduced what he claimed to be the contents of an email he had sent to his counsel disputing the factual basis of his plea petition. In the purported email, Bishop maintains he did not know the ephedrine would be used to produce methamphetamine.

The district court granted Bishop an evidentiary hearing and appointed him new counsel. At the hearing, the court heard testimony from Bishop's prior counsel, Bishop's father, Bishop's two brothers, Bishop's ex-wife, Bishop's mother, the ATF agent who investigated the case, and Bishop himself.

Bishop's prior counsel detailed the course of his representation. Counsel testified that he never received the alleged email from Bishop that was included in the § 2255 motion. He also testified that he never told Bishop that a sentence less

than the mandatory minimum (ten years) was possible. The district court found Bishop's counsel's testimony credible.

Most of Bishop's family members testified that they were under the impression that Bishop would receive a few years' imprisonment, and possibly only probation. Bishop's father testified that before sentencing Bishop's counsel had told him that the "worst case scenario would be probation." R., Vol. II at 79. The district court found that, given the implausibility of any attorney giving such a prediction, Bishop's counsel made no such statement. And, aside from the father, none of the family members testified to hearing any statements concerning Bishop's likely sentence directly from his counsel; rather, the statements came from Bishop himself. Consequently, the district court found that their misinformation about Bishop's likely sentence was merely part of Bishop's pattern of deceit and denial.

Bishop testified that he was repeatedly misinformed by his counsel about the sentence he faced, the factual basis of his plea, and the possibility of changing his plea. The district court found nothing in Bishop's testimony credible. The court, citing Bishop's responses at the plea colloquy, found that Bishop indeed knew he faced a ten-year minimum sentence and knew the ephedrine would be used to produce methamphetamine.

The court made additional factual findings, including: (1) Bishop's waiver and plea were knowing and voluntary; (2) Bishop answered truthfully to questions

regarding the factual basis of his plea; and (3) Bishop never instructed his counsel to appeal his sentence. The court noted that because Bishop's plea agreement had a valid appeal waiver, the only possible basis for his § 2255 motion concerned the knowing and voluntary nature of his plea or waiver. Yet, given the factual findings it had already made, the court concluded Bishop could not show that either his waiver or plea had been entered into unknowingly or involuntarily. Accordingly, the district court denied Bishop's § 2255 motion.

## II. Analysis

To appeal the district court's judgment, Bishop must first obtain a COA. To obtain a COA, Bishop must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). And the assessment of Bishop's constitutional claims must be done while giving proper deference to the district court's factual findings, which, on a § 2255 motion, we review for clear error. *See United States v. Washington*, 619 F.3d 1252, 1256 (10th Cir. 2010); *see also United States v. Raifsnider*, 252 F. App'x 866, 868 (10th Cir. 2007) (reviewing factual findings for clear error when deciding whether to issue COA). We review the legal conclusions of a § 2255 motion de novo. *Washington*, 619 F.3d at 1256.

-6-

Bishop raises various arguments for why his counsel was constitutionally ineffective, but because Bishop's plea agreement contained a waiver of all appellate rights, including the right to make collateral attacks, the only basis for a § 2255 motion is the validity of the plea or the appellate waiver itself. *See United States v. Viera*, 674 F.3d 1214, 1217–18 (10th Cir. 2012).

Guilty pleas and waivers are valid only if they were entered into knowingly and voluntarily. *See Bradshaw v. Stumpf*, 545 U.S. 175, 182–83 (2005). With respect to a guilty plea, the defendant must know the nature of the charges against him as well as the likely consequences of his plea. *Id.* Notwithstanding a waiver of appellate rights, claims of counsel's ineffective assistance can be raised to the extent they prove that a plea or waiver was not entered into knowingly and voluntarily. *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

As an initial matter, Bishop provides no evidence contradicting the district court's finding that he knowingly and voluntarily waived his appellate rights. As a result, we consider Bishop's ineffective assistance arguments only insofar as they cast into doubt the validity of his *guilty plea*.[1]

---

[1] Because of the appeal waiver, Bishop cannot now argue that counsel was ineffective for failing to challenge the organizer/leader enhancement, which was stipulated to in his plea agreement. And he presents no argument or evidence that he was unaware of this stipulation such that it rendered his guilty plea unknowing or involuntary. Nor does Bishop's argument concerning counsel's failure to file an appeal cause us to doubt the validity of his plea.

The only two arguments Bishop raises that go to the nature of his plea—counsel's advice about the factual basis of his plea and counsel's advice about the likely sentence—conflict with the district court's factual findings. While Bishop contends he did not know the ephedrine was being used to produce methamphetamine and that the money used to purchase his SUV did not come from drug proceeds, the district court made explicit factual findings to the contrary. Indeed, in his proffer meeting with the government, Bishop admitted to using at least $10,000 of his proceeds from the ephedrine sales to purchase the SUV. During the plea colloquy, Bishop answered affirmatively to all the court's questions concerning the factual basis of his plea and whether he understood that he faced a ten-year minimum sentence. While Bishop claims his counsel effectively told him to lie when answering these questions, the district court did not find Bishop's testimony on this issue credible. Absent clear evidence to the contrary, we do not question a district court's credibility determinations. *See United States v. Virgen-Chavarin*, 350 F.3d 1122, 1134 (10th Cir. 2003) (reviewing credibility determinations for clear error). Here, Bishop presents no such evidence.

Accordingly, we have no reason to doubt the district court's finding that Bishop's plea was knowing and voluntary.

## III. Conclusion

Because no reasonable jurist, in light of the factual findings below, could disagree with the district court's resolution of Bishop's challenge to the knowing and voluntary nature of his guilty plea, we DENY the COA and DISMISS the appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge