FILED
United States Court of Appeals
Tenth Circuit

August 15, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DION M. LEE-SPEIGHT,

     Defendant-Appellant.

No. 14-3065
(D.C. Nos. 5:11-CV-04083-SAC and
5:10-CR-40035-SAC-1)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **GORSUCH**, **MURPHY**, and **McHUGH**, Circuit Judges.

---

Dion Lee-Speight agreed to plead guilty to drug charges when prosecutors offered to drop two firearm charges against him. The deal netted him a 96-month prison term. Finding this too severe, Mr. Lee-Speight is attempting to challenge the length of his sentence and insists he would have pursued a challenge on direct appeal if his lawyer's inaction hadn't gotten in the way. On Mr. Lee-Speight's telling, he instructed his lawyer to appeal the sentence at the appropriate time and the lawyer refused. Now on a motion for post-conviction relief, Mr. Lee-Speight accuses the lawyer of rendering ineffective assistance. *See* 28 U.S.C. § 2255;

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir. 2005) ("If [the petitioner] actually asked counsel to perfect an appeal, and counsel ignored the request, he will be entitled to a delayed appeal . . . regardless of whether, from the limited perspective of collateral review, it appears that the appeal will not have any merit.").

The district court initially denied Mr. Lee-Speight's motion, but this court reversed so Mr. Lee-Speight could have a chance to prove that the facts were as he alleged — that he really did instruct his attorney to file an appeal. *United States v. Lee-Speight*, 529 F. App'x 903 (10th Cir. 2013). On remand, the district court appointed counsel and held an evidentiary hearing. At the hearing's end, the court concluded that the evidence didn't support Mr. Lee-Speight's factual contentions, again denied Mr. Lee-Speight's request for relief, and refused to grant a certificate of appealability.

Now before us and still represented by counsel, Mr. Lee-Speight renews his request for a COA. We may grant Mr. Lee-Speight's request only if he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do that he must show reasonable jurists could debate (or agree on) a different resolution of his § 2255 petition or the merit of further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He has not shown that much.

Mr. Lee-Speight's principal contention is that the district court was wrong to conclude he hadn't in fact asked his attorney to file an appeal. Trouble is, when a prisoner seeks to challenge a district court's factual finding in § 2255 proceedings, this court's review is for clear error only. *United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011). In this case, ample evidence supported the district court's dispositive finding. Mr. Lee-Speight's attorney testified at the hearing that he asked Mr. Lee-Speight if he wished to pursue an appeal and received a clear negative response. Then the attorney confirmed this discussion with a letter to Mr. Lee-Speight, stating "You have informed me that you do not wish to file an appeal in this matter," and advising Mr. Lee-Speight to "notify [the attorney] immediately" if any unfinished business remained. R. vol. 1, at 170. On the other hand, Mr. Lee-Speight's insistence he did request an appeal was not supported by the evidence. While he claimed he tried calling his attorney several times, his correctional facility's telephone records don't bear that out. And while he further claimed he asked his then-girlfriend to contact the attorney on his behalf, her sworn statement doesn't say she ever followed through on the request. In view of all this, we can't call the district court's finding clear error, nor would reasonable jurists disagree. *See, e.g.*, *United States v. Bishop*, 529 F. App'x 910, 914 (10th Cir. 2013) ("Absent clear evidence to the contrary, we do not question a district court's credibility determinations.").

Next, Mr. Lee-Speight faults the district court for denying his motion to subpoena his former girlfriend to testify at the evidentiary hearing. *See* Fed. R. Crim. P. 17(b). Such decisions are generally left to the district court's discretion and denials upheld unless the moving party demonstrated "particularized need" for the witness's testimony. *United States v. Pursley*, 577 F.3d 1204, 1229-30 (10th Cir. 2009). That requires, among other things, explaining what the testimony is likely to be and how it isn't simply cumulative of other evidence. *See id.* In this case, Mr. Lee-Speight's motion predicted only that the witness would attest to the facts in her affidavit, and the district court thought this testimony would either be inadmissible (on hearsay grounds) or duplicate evidence already before the court. Mr. Lee-Speight's brief offers no meaningful argument against these conclusions. Neither does he explain how further support for the facts in the affidavit might have materially bolstered his case when those facts (even if true) don't help establish that the girlfriend actually relayed instructions to appeal. So it is we can find no debatable abuse of discretion in the district court's denial of the subpoena motion.

Lastly, Mr. Lee-Speight contends that the district court should have allowed more extensive cross-examination of the attorney. At the hearing, Mr. Lee-Speight sought to show his former attorney had failed to spot an error in his pre-sentence report. Mr. Lee-Speight thought that exposing this oversight would have undermined the attorney's overall credibility as a witness because the

attorney had just sworn that he usually tries to catch even inconsequential PSR errors. But because this line of questioning wouldn't have called into question the attorney's honesty on the one issue that mattered at the hearing — whether Mr. Lee-Speight requested an appeal — the court was inarguably within its sound discretion in limiting the questioning.

The request for a COA is denied and this appeal dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge