FILED
United States Court of Appeals
Tenth Circuit

June 1, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

LEALON MULDROW,

     Defendant - Appellant.

No. 15-3044
(D.C. No. 2:92-CR-20063-JWL-2)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

In 1993, Lealon Muldrow was convicted for possession with intent to

distribute 4.294 kilograms of crack, in violation of 21 U.S.C. §§ 841 and 860. The

district court followed the 1992 United States Sentencing Commission's Guidelines

Manual ("U.S.S.G.")—the version of the Guidelines in effect at the time of the

offense, *see Peugh v. United States*, 133 S. Ct. 2072, 2088 (2013)—and sentenced

Mr. Muldrow to 360 months in prison. In 2008, he moved the district court for a

reduced sentence under 18 U.S.C. § 3582(c)(2), which authorizes district courts to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.
App. P. 32.1 and 10th Cir. R. 32.1.

reduce previously imposed sentences in limited circumstances. The district court denied the motion and we affirmed. *Muldrow v. United States*, 306 F. App'x 427 (10th Cir. 2009) (unpublished). He tried again in 2014 with the same result in district court. Mr. Muldrow, proceeding pro se,[1] now appeals from that ruling. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

### A. *Factual History*

In 1992, Mr. Muldrow burglarized an apartment, stealing a significant quantity of crack cocaine. *United States v. Muldrow*, 19 F.3d 1332, 1334 (10th Cir. 1994). He was ultimately convicted of possession with intent to distribute 4.294 kilograms of crack cocaine. *Id.*

Under the 1992 Guidelines, U.S.S.G. § 2D1.1(c)(3) imposed a base offense level of 38 for Mr. Muldrow's conviction. He received a two-point enhancement under U.S.S.G. § 2D1.2(a)(1) because his offense occurred within 1,000 feet of a school and another two-point enhancement under U.S.S.G. § 3C1.1 for obstruction of justice. His total offense level was therefore 42, which, when combined with a criminal history category of V, resulted in a Guidelines sentencing range of 360 months to life. The court sentenced him to 360 months in prison.

---

[1] Because Mr. Muldrow is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

## B. *Procedural History*

In 2008, Mr. Muldrow first moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), *Muldrow*, 306 F. App'x at 428, which allows a district court to reduce a previously imposed sentence if the applicable sentencing range has been lowered by an amendment to the Guidelines, 18 U.S.C. § 3582(c)(2). Mr. Muldrow argued he was eligible for a reduced sentence based on Guidelines Amendment 706. *Muldrow*, 306 F. App'x at 428. The district court denied the motion. *Id.* Mr. Muldrow appealed and we affirmed, concluding Amendment 706 would not change the Guidelines range for Mr. Muldrow's offense. *Id.*

In 2014, Mr. Muldrow again sought a reduced sentence under § 3582(c)(2), arguing Guidelines Amendments 591, 706, 750, and 782 retroactively reduce the Guidelines range applicable to his conviction. On December 8, 2014, the district court denied the motion. It denied the motion as to Mr. Muldrow's arguments about Amendments 591, 706, and 750, and explained it lacked authority to reduce his sentence based on those Amendments. It denied Mr. Muldrow's § 3582(c)(2) motion without prejudice as to Amendment 782, and referred that issue to the Federal Public Defender ("FPD") to determine whether Mr. Muldrow qualified for representation by the FPD and was eligible for a reduced sentence under Amendment 782. The district court instructed Mr. Muldrow that if the FPD declined to seek relief on his behalf, he could refile his motion on or after February 2, 2015.

According to Mr. Muldrow, the FPD did not contact him, so he refiled his motion on February 3, 2015, again seeking a reduced sentence under Amendments

591, 706, 750, and 782. The district court again denied the motion on February 17, 2015. It construed Mr. Muldrow's renewed arguments about Amendments 591, 706, and 750 as a motion for reconsideration, and rejected them. It denied the motion as to Amendment 782 because the amendment does not affect the Guidelines range applicable to Mr. Muldrow's conviction. Mr. Muldrow filed a notice of appeal on March 2, 2015, which was timely as to only the district court's February 17 order.

## II. **DISCUSSION**

"We review both the denial of a § 3582(c)(2) motion and the denial of a motion for reconsideration for abuse of discretion." *United States v. Randall*, 666 F.3d 1238, 1243 n.6 (10th Cir. 2011). "However, we review de novo the district court's interpretation of a statute or the sentencing guidelines." *United States v. Hodge*, 721 F.3d 1279, 1280 (10th Cir. 2013).

Mr. Muldrow argues he is eligible for a reduced sentence under § 3582(c)(2) based on Amendments 591, 706, 711, and 782. We affirm, concluding the district court properly (A) denied Mr. Muldrow's motion for reconsideration as to Amendments 591, 706, and 711, and (B) concluded it lacked authority under § 3582(c)(2) to modify Mr. Muldrow's sentence based on Amendment 782.

### A. *Amendments 591, 706, and 711*

The district court explained its denial of Mr. Muldrow's motion as to Amendments 591, 706, and 711: "[T]he court has already rejected Mr. Muldrow's request for relief under those Amendments and he advances no persuasive arguments as to why the court's prior order should be reconsidered." Aplt. Br., Ex. A at 7 n.1.

We affirm, but on different grounds raised by the Government. *See United States v. Schneider*, 594 F.3d 1219, 1228 (10th Cir. 2010) ("We may affirm on alternative grounds only when those grounds are dispositive, indisputable, and appear clearly in the record." (quotations omitted)).

"Motions for reconsideration . . . cannot be brought at simply any time." *United States v. Randall*, 666 F.3d 1238, 1242-43 (10th Cir. 2011). "[A] motion to reconsider an order granting or denying a sentence modification under § 3582(c)(2) must be brought within the time granted to appeal that order." *Id.* at 1243. Rule 4 of the Federal Rules of Appellate Procedure prescribes the time for filing a notice of appeal in a criminal case and therefore the time permitted to file a motion to reconsider a § 3582(c)(2) motion, as follows: "within 14 days after . . . the entry of . . . the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A). "Upon a finding of excusable neglect or good cause, the district court may . . . extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by Rule 4(b)." *Id.* 4(b)(4).

"Rules 4(b)(1)(A) and 4(b)(4) are inflexible claims-processing rules, which, unlike a jurisdictional rule, may be forfeited if not properly raised by the government." *United States v. Garduño*, 506 F.3d 1287, 1291 (10th Cir. 2007) (quotations and alterations omitted). "Nevertheless, the time bar in Rule 4(b) must be enforced by this court when properly invoked by the government." *United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008); *see also id.* at 750 (holding "this

court may raise [Rule 4(b)'s] time bar sua sponte"). The Government properly invoked Rule 4(b) here.

The district court denied Mr. Muldrow's § 3582 motion on December 8, 2014. Rule 4(b)(1)(A)'s 14-day window expired on December 22, 2014, and the additional 30-day extension window expired on January 21, 2015. Mr. Muldrow filed his motion for reconsideration nearly two weeks later, on February 3, 2015, making this motion untimely. The district court denied Mr. Muldrow's motion as to Amendments 591, 703, and 711 on the merits on February 17, 2015. He filed his notice of appeal on March 2, 2015, within 14 days of the denial of his motion, but we need not reach the merits because the motion for reconsideration in the district court was untimely. *See Randall*, 666 F.3d at 1243 (affirming district court's denial on the merits of a motion to reconsider its prior denial of a § 3582(c)(2) motion because the motion to reconsider was untimely filed).[2]

Mr. Muldrow did not argue to the district court that excusable neglect or good cause justified reconsidering his arguments about Amendments 591, 706, and 711, nor has he done so on appeal. But even if we were to assume excusable neglect or good cause existed, his motion to reconsider was still untimely, and we affirm the district court's denial on that basis.

## B. *Amendment 782*

---

[2] Even if we reviewed the merits of the district court's decision, we would affirm for substantially the same reasons provided in its December 8 order.

The district court denied Mr. Muldrow's motion as to Amendment 782 because the amendment would not change his Guidelines sentencing range. We agree.

The court may modify a previously imposed sentence in limited circumstances. *See* 18 U.S.C. § 3582(c). Section 3582(c)(2) permits district courts to reduce a prisoner's sentence "that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(2). The Sentencing Commission's policy statement regarding reducing sentences based on amendments to the Guidelines disallows reductions when "an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guidelines range." U.S.S.G. § 1B1.10(a)(2)(B) (2014). Amendment 782 is listed in U.S.S.G. § 1B1.10(d) and does not lower Mr. Muldrow's applicable Guidelines range.

As explained above, Mr. Muldrow's original sentence stemmed from an offense level of 42—a base offense level of 38 plus two separate two-point enhancements. Under Amendment 782, U.S.S.G. § 2D1.1(c)(3) imposes a base offense level of 34 for offenses involving "[a]t least 2.8 KG but less than 8.4 KG" of crack cocaine. U.S.S.G. § 2D1.1(c)(3). Under Amendment 782, Mr. Muldrow's base offense level would be 34 because he was convicted for possession with intent to distribute 4.294 kilograms of crack cocaine. The enhancements originally applied to Mr. Muldrow's Guidelines calculation still apply, resulting in a total offense level of 38. With a criminal history category V, his Guidelines range would remain 360 months to life, the same range applicable to Mr. Muldrow's conviction when he was

originally sentenced.  The district court could not reduce Mr. Muldrow's sentence consistent with the Sentencing Commission's policy statement because Amendment 782 does not reduce the applicable Guidelines range.  The district court therefore properly dismissed Mr. Muldrow's motion because it did not have authority to reduce his sentence under § 3582(c)(2).

## III.  CONCLUSION

We affirm the district court's denial of Mr. Muldrow's motion as to Guidelines Amendments 591, 706, and 750 because it was an untimely motion to reconsider the court's prior order dismissing his arguments under those Amendments.  We affirm the denial as to Amendment 782 because the district court correctly held it lacked authority under § 3582(c)(2) to reduce Mr. Muldrow's sentence.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge