FILED
United States Court of Appeals
Tenth Circuit

January 13, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICHARD L. BISHOP,

    Defendant - Appellant.

No. 15-6115
(D.C. No. 5:09-CR-00156-F-2)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

Richard L. Bishop, a federal prisoner representing himself, appeals the district

court's denial of his motion for sentence modification pursuant to 18 U.S.C.

§ 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines

Manual ("U.S.S.G." or "Guidelines").  The district court denied his motion because

Amendment 782 would not alter his Guideline sentencing range; thus, Mr. Bishop is

ineligible for § 3582(c)(2) relief.  We have construed Mr. Bishop's pro se filings

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

liberally, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), and conducted a de novo review to determine if the district court correctly applied § 3582(c)(2), *see United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008). We affirm the district court's judgment.

Mr. Bishop pleaded guilty to one count of conspiracy to distribute methamphetamine and one count of engaging in an illicit monetary transaction. At his plea hearing, Mr. Bishop admitted that he accepted money in exchange for smuggling out 248 pounds of ephedrine from the pharmaceutical company where he worked, with the knowledge and intent that his co-conspirators would have it manufactured into methamphetamine. The presentence report (PSR) concluded, and Mr. Bishop agreed, that 248 pounds of ephedrine would yield approximately 84 kilograms of actual methamphetamine. The PSR recommended a sentencing guideline range of 235 to 293 months' imprisonment, calculated from Mr. Bishop's criminal history category I; an offense level of 38 based on the drug quantity involved; a one-level enhancement for violating 18 U.S.C. § 1957; a two-level enhancement for being an organizer or leader; and a three-level reduction for acceptance of responsibility. Mr. Bishop did not object to the PSR. The district court adopted the PSR, but imposed a downward-variant sentence of 180 months' imprisonment.

Mr. Bishop moved to set aside his plea agreement, which was denied. *See United States v. Bishop*, 491 F. App'x 926, 928 (10th Cir. 2012) (affirming district court's denial). He also moved to vacate his sentence under 28 U.S.C.

2

§ 2255, which was denied. *See United States v. Bishop*, 529 F. App'x 910, 914 (10th Cir. 2013) (denying a certificate of appealability).[1] He now seeks a reduction of his sentence under § 3582(c)(2).

Section 3582(c)(2) permits the sentencing court to reduce a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§ ]994(o), . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable § 3582(c)(2) policy statement provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

In 2014, the U.S. Sentencing Commission issued Amendment 782, modifying the drug-quantity tables to reduce the base-offense levels for various drug-related offenses. But Amendment 782 did not affect Mr. Bishop's criminal history category or other sentencing enhancements that the district court had applied to him. Under Amendment 782's revised drug-quantity table as applied to Mr. Bishop's 84 kilograms of actual methamphetamine, Mr. Bishop's base-offense level would still be

---

[1] Mr. Bishop was also convicted of altering documents for use in official proceedings in violation of 18 U.S.C. § 1512(c)(1) because he altered letters of support submitted to the court in his attempt for leniency in sentencing. *See United States v. Bishop*, 493 F. App'x 984, 985 (10th Cir. 2012) (affirming conviction).

3

38, and his total offense level would still be 38. *See* U.S.S.G. § 2D1.1(c)(1) (2014) (assigning a base offense level of 38 to individuals with more than 45 kilograms of methamphetamine). Thus, Mr. Bishop's post-Amendment 782 Guideline range would still be 235 to 293 months' imprisonment. In these circumstances, Mr. Bishop cannot obtain a sentence reduction under § 3582(c)(2). *See United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) (stating that because a U.S.S.G. amendment did not affect the defendant's Guideline range, a sentence reduction under § 3582(c)(2) was properly denied).

Mr. Bishop argues that his drug quantity should be recalculated, notwithstanding his stipulation that the ephedrine he smuggled would conservatively yield 84 kilograms of actual methamphetamine, because there is information in the PSR which could be used to determine the actual amount of ephedrine that was distributed. He argues the district court erred in ignoring this argument. To the contrary, the district court lacked jurisdiction to reach the merits of this argument because "§ 3582(c)(2) does not authorize a resentencing[, but only] permits a sentence reduction within the narrow bounds established by the Commission." *Dillon v. United States*, 560 U.S. 817, 831 (2010). "[D]istrict courts cannot recalculate aspects of a sentence that are unaffected by a retroactively applicable amendment to the Guidelines." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013) (citing *Dillon*, 560 U.S. at 831). In sentencing Mr. Bishop, the district court made a specific drug quantity finding, which Mr. Bishop stipulated to, and there is no basis to remand for any clarification or additional factual findings.

4

The judgment of the district court is affirmed.  We deny Mr. Bishop's request for in forma pauperis status.

Entered for the Court


Bobby R. Baldock
Circuit Judge