FILED
United States Court of Appeals
Tenth Circuit

July 11, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA**,**

Plaintiff - Appellee,

v.

PRESTON SCOTT WALLACE, a/k/a/ S-NUTT,

Defendant – Appellant.

No. 18-4010
(D.C. No. 2: 14-CR-00218-CW-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.

In 2014, Preston Scott Wallace was indicted with various firearm and drug

---

[*] Oral argument would not materially assist the determination of this appeal. *See*

Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not encouraged, but not prohibited. Fed. R. App. 32.1. Citation is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id*.

offenses. He entered into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement with the government, agreeing to plead guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The agreement called for a stipulated sentence of 84 months imprisonment. The district judge conditionally accepted Wallace's guilty plea subject to preparation of the presentence report (PSR) for a determination of whether the stipulated sentence was reasonable.

The PSR applied the 2014 edition of the United States Sentencing Guidelines Manual.[1] Because the offense involved less than 50 grams of cocaine (79 milligrams), the base offense level was 12. *See* USSG § 2D1.1(c)(14). Two levels were added because he possessed a dangerous weapon (firearm) during the offense. *See* USSG § 2D1.1(b)(1). Moreover, his criminal history included Utah state convictions for second degree manslaughter and second degree assault by a prisoner. The PSR concluded these convictions constituted "crime[s] of violence" under the career offender sentencing guideline. *See* USSG §§ 4B1.1. That guideline increases a sentence if, among other things, the defendant has "at least two prior felony convictions of either a "crime of violence" or "a controlled substance offense."[2] *Id.* A "crime of violence" is any federal or state offense "punishable by imprisonment for a term exceeding one year" that (1) "has

---

[1] All references to the guidelines in this decision refer to the 2014 edition unless otherwise noted.

[2] The career offender guideline also requires: (1) the defendant be at least 18 years old at the time he committed the offense of conviction and (2) the offense of conviction be either a felony crime of violence or controlled substance offense. *See* USSG § 4B1.1(a).

as an element the use, attempted use, or threatened use of physical force against the person of another" (the force or elements clause), (2) "is burglary of a dwelling, arson, or extortion, [or] involves use of explosives" (the enumerated-offense clause), or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). USSG § 4B1.2(a)(1), (2). The commentary to § 4B1.2 defines crime of violence to include "murder, manslaughter, kidnapping, [and] aggravated assault." USSG § 4B1.2, comment. (n.1). Application of the career offender guideline resulted in an advisory guideline range of 151-188 months imprisonment. Had that guideline not applied, the advisory guideline range would have been 27-33 months. The judge accepted the PSR's calculations and concluded the stipulated sentence (84 months) to be reasonable. He entered judgment accordingly.

In June 2016, Wallace filed a 28 U.S.C. § 2255 motion arguing, *inter alia*, that the career offender guideline did not apply because his prior convictions were no longer crimes of violence in light of *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015) (holding the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague), and *United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015) (holding the residual clause of the career offender guideline (USSG § 4B1.2(a)(2)) is unconstitutionally vague), *abrogated by Beckles v. United States*, ––– U.S. –––, 137 S. Ct. 886 (2017). A year later, in June 2017, the government "agree[d] that the § 2255 motion should be granted." (Supp. R. Vol. 1 at 28.) It also informed the judge that the parties had jointly agreed Wallace should be resentenced to 48 months in prison. The

judge granted the § 2255 motion and entered an amended judgment of 48 months.

Wallace's current pro se motion[3] sought a reduction of sentence under 18 U.S.C. § 3582(c)(2). That statute authorizes a court to reduce the sentence of a defendant if his term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." He relied on Amendment 782, a retroactive amendment to the guidelines which lowered the base offense levels for most drug crimes by two levels. *See* USSG Supp. to App. C, Amendments 782, 788 (2016). The judge denied the motion, concluding he was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Because Wallace was sentenced under a Rule 11(c)(1)(C) agreement, the judge looked to Justice Sotomayor's concurring opinion in *Freeman v. United States*, 564 U.S. 522 (2011), to determine whether his sentence was "based on" a guideline range. *See United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) ("Justice Sotomayor's concurrence is the narrowest grounds of decision [in *Freeman*] and represents the Court's holding."), *abrogated by Hughes v. United States*, --- U.S. ---, 138 S. Ct. 1765 (2018). The judge decided Wallace's sentence was not "based on" a guideline range because the plea agreement simply provided for a specific number of months imprisonment and did not expressly reference the guidelines or a guideline range to establish the stipulated

---

[3] Because Wallace appears pro se, we have liberally construed his pleadings, stopping short, however, of serving as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

term.  *See Freeman*, 564 U.S. at 539 (Sotomayor, J., concurring in judgment) (holding a term of imprisonment resulting from a Rule 11(c)(1)(C) plea agreement is "based on" the guidelines for purposes of § 3582(c)(2) when, *inter alia*, the agreement "provide[s] for a specific term of imprisonment . . . but also make[s] clear that the basis for the specified term is a Guidelines sentencing range" and "that sentencing range is evident from the agreement itself").  Wallace appeals; our review is de novo.  *See United States v. Chavez-Meza*, 854 F.3d 655, 657 (10th Cir. 2017).

He relies on the Supreme Court's recent decision in *Hughes*.  In that case, the Court "resolve[d] the uncertainty that resulted from [its] divided decision in *Freeman*" and held a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement is, "in the usual case," "based on" the defendant's sentencing guideline range.  138 S. Ct. at 1776.  That is because the sentencing court must accept the Rule 11(c)(1)(C) agreement and its stipulated sentence and cannot do so without first evaluating the recommended sentence in light of the defendant's guideline range.  *Id*.  In such circumstances, the sentence is "based on" the guideline range for purposes of § 3582(c)(2) because "that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement."  *Id*. at 1775.

Because the judge relied on his guideline range in determining whether to accept the Rule 11(c)(1)(C) agreement and stipulated sentence, Wallace was not rendered ineligible for a sentence reduction as a result of that agreement.  But that does not end the matter; the judge was ultimately correct for a different reason.  Wallace is not eligible for

- 5 -

relief under § 3582(c)(2) because his sentencing range was not subsequently lowered by Amendment 782. *See United States v. Snyder*, 793 F.3d 1241, 1243 (10th Cir. 2015) ("We can . . . affirm a lower court's ruling on any grounds adequately supported by the record, even grounds not relied upon by the district court." (quotation marks omitted)).

As stated above, § 3582(c)(2) permits a sentencing court to reduce the sentence of a defendant only if he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable § 3582(c)(2) policy statement provides that a sentence reduction is "not authorized under 18 U.S.C. § 3582(c)(2)" if the "amendment . . . does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B). Amendment 782 had no effect on Wallace's guideline range.

Prior to Amendment 782, the guidelines called for a base offense level of 12 if the offense involved less than 25 grams of cocaine. Amendment 782 increased that amount to 50 grams. Because Wallace's offense involved 79 milligrams of cocaine, his base offense level was 12 and the resulting guideline range was 27-33 months both before and after Amendment 782. Not only that, his guideline range was calculated pursuant to the 2014 guidelines, which already incorporated Amendment 782. *See United States v. Servin*, --- F. App'x ---, No. 17-5101, 2018 WL 2296185, at *1 (May 21, 2018) (unpublished) (district court lacked jurisdiction to modify Servin's sentence based on Amendment 782 because he was sentenced under the 2015 guidelines, which

incorporated that Amendment); *United States v. Bishop*, 639 F. App'x 518, 520 (10th Cir. 2016) (unpublished) (because Amendment 782 had no effect on Bishop's guideline range, he could not obtain a sentence reduction under § 3582(c)(2)); *United States v. Muldrow*, 612 F. App'x 508, 512 (10th Cir. 2015) (unpublished) (same).

Wallace balks, claiming he did not receive the benefit of Amendment 782 because he was deemed a career offender, which increased his guideline range from 27-33 months to 151-188 months imprisonment. But that argument ignores his amended sentence (48 months), to which he stipulated and which appears to have resulted from negotiations between the parties with consideration of what his guideline range would be if his § 2255 motion challenging the career offender guideline was granted. In any event, considering his initial sentence to have been based on the career offender guideline, he remains ineligible for a sentence reduction under § 3582(c)(2) because Amendment 782 had no effect on the career offender guideline and therefore did not lower the resulting guideline range. *See United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008).

Wallace is ineligible for a sentence reduction.  Rather than deny his motion, however, the district court should have dismissed it for lack of jurisdiction.  *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014).  We **VACATE** the district court's order denying Wallace's § 2255 motion and **REMAND** with instructions to dismiss for lack of jurisdiction.  Wallace's request to proceed on appeal without prepayment of fees(*in forma pauperis* or *ifp*) is **MOOT** because we have reached the merits of this appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge